[Crim. No. 3470.   Second Dist., Div. Two.   Oct. 2, 1941.]

THE  PEOPLE, Respondent, v. ERNEST  HERNANDEZ
et al., Defendants; RAY  HOLGUIN, Appellant.

John P. Tobin for Appellant.

Earl Warren, Attorney General, and Lewis Drucker, Deputy Attorney General, for Respondent.

McCOMB, J.—From three judgments of guilty of robbery in the first degree after trial by jury, appellant appeals. There are also appeals from the orders denying his motion for a new trial.

Viewing the evidence in the light most favorable to the people (respondent), the essential facts are:

On November 14, 1940, appellant with two other men entered a liquor store owned by Mr. Hardisty, and, while appellant held a gun against Mr. Hardisty's stomach, his companions took money from Mr. Hardisty and also took a quantity of liquor from the store. On November 15, 1940, appellant and another man entered a liquor store owned by Mr. Demetriou and, while appellant's companion pointed a gun at James Demetriou, a son of the proprietor, appellant opened the cash register and took money therefrom. On November 16, 1940, appellant and two other men entered Frank Boros' liquor store and, while appellant placed a gun against the proprietor, one of appellant's companions took money from the cash register.

Appellant relies for reversal of the judgments on these propositions:

*First: There is no substantial evidence to sustain the finding of the jury that appellant participated in the robberies of which he was convicted.*

*Second: The trial court committed prejudicial error in permitting the district attorney in cross-examining appellant's character witnesses, who had testified that he had a good reputation for honesty, to ask them if they knew that appellant (a) had previously been arrested for assault with a deadly weapon, and (b) had also been arrested and "served time" for carrying concealed weapons.*

Appellant's first proposition is devoid of merit. An examination of the record discloses substantial evidence taken together with inferences which the jury may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgments were necessarily

predicated, including the identity of appellant as the perpetrator of the crimes of which he was convicted. For example, the victim of the crimes in each instance identified appellant as a participant in the robberies. Further discussion of the evidence is therefore unnecessary. See, for a complete statement of the rule on this subject, *People* v. *Pianezzi*, 42 Cal. App. (2d) 265, 269 [108 Pac. (2d) 732].

■ Appellant's second proposition is also untenable. After witnesses for the appellant had testified that his reputation for honesty in the community in which he resided was good, the district attorney was permitted to ask such witnesses whether their opinion would be the same if they knew that appellant a) had previously been arrested for assault with a deadly weapon, and b) had also been arrested and "served time" for carrying concealed weapons. These questions were objectionable and it was error for the trial court not to sustain appellant's objections thereto. ■ The law is established in California that in cross-examining appellant's character witness such examination should be limited to the witness' knowledge of specific acts inconsistent with the element of good character relative to which the witness has testified. In the instant case the crimes of assault with a deadly weapon and carrying concealed weapons are not acts inconsistent with a good reputation for honesty. ■ However, after an examination of the record, we are of the opinion that the error was not *prejudicial* to any of appellant's substantial rights. In each instance appellant's character witnesses in reply to the district attorney's improper questions answered that if appellant had been guilty of the offenses mentioned in the questions, it would not change the witnesses' opinions that appellant had a good reputation for honesty. Likewise, immediately after the examination of the first character witness the trial court instructed the jury as follows:

"THE COURT: Now, ladies and gentlemen of the jury, the only purpose for which those questions containing the alleged previous trouble with the law that this defendant had were asked merely for the purpose of testing the value and effect of the evidence of the witness, Mrs. Clarke. We are not here trying this defendant for anything other than the charges mentioned in the information in this case."

Again at the close of the trial the trial court in its charge to the jury further instructed the jury thus:

"You are here, ladies and gentlemen of the jury, for the purpose of determining the guilt or innocence of defendant, Raymond Holguin, of the charges set forth in the Information, namely, robbery. You are not to consider any evidence of any other alleged offense in determining the guilt or innocence of the charges in the Information. When a defendant offers testimony of his good reputation for the basic character trait involved in the charges, the People may cross-examine such character witnesses as to defendant's character and reputation and may seek to determine how extensive their knowledge of said defendant's reputation is by inquiring of them of matters in the life of the defendant. However, you are instructed that such evidence only goes to the weight of the value that you should give, in your best judgment, to such character testimony and shall not be considered by you in determining the issues presented in this case, to-wit, the guilt or innocence of the defendant of the matters set forth in the Information."

In view of the fact that the error was not prejudicial, a reversal of the judgment may not be predicated thereon (art. VI, sec. 4½, Const. of Cal.).

For the foregoing reasons the judgments and orders are and each is affirmed.

Moore, P. J., concurred.

WOOD, J., Concurring.—I concur in the judgment. The evidence of appellant's guilt is so convincing that it is not probable that a different verdict would have been returned if the errors in the cross-examination of the witnesses had not been made. There has been no miscarriage of justice.

A petition for a rehearing was denied October 15, 1941, and appellant's petition for a hearing by the Supreme Court was denied October 30, 1941.