[Crim. No. 2664.   Third Dist.   June 8, 1956.]

THE PEOPLE, Respondent, v. JAMES VIENNE, Appellant.

Alfred J. Hennessy for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment of the Superior Court of the County of Sacramento wherein the appellant was convicted of robbery in the first degree. It is also an appeal from an order denying a new trial.

The appellant was charged with two counts of robbery and was acquitted on one count. The identification of the appellant as the perpetrator of the robbery of which he was convicted is certainly not the type of testimony which should be taken as a model for identification in criminal trials. However, this question is as to the sufficiency of the evidence and is a matter for the jury. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].) The one witness who stated he saw defendant's face testified in a manner which leaves something to be desired, but this court cannot for that reason upset the identification. In *People* v. *Wilson,* 76 Cal.App. 688, at page 700 [245 P. 781], identification by the back and shoulders was held to be sufficient identification. ■ The appellant also contends that it was improper to permit the introduction of evidence of prior identification of the accused. This proposition is without merit, since the fact of prior identification was brought out on cross-examination by appellant's counsel. ■ Appellant further contends on this appeal that the deputy district attorney was guilty of misconduct in certain statements contained in his closing argument. The deputy district attorney who tried the case in his closing remarks stated that the defendant's conduct in not telling the police at the time of his apprehension, or a representative of the district attorney's office at a subsequent questioning, of an alibi to which he testified in the trial was a matter which the jury should consider to determine whether it was the conduct of an innocent man or the conduct of a guilty man. The defendant's counsel immediately cited this as misconduct, and the trial court, with commendable promptness, cautioned the jury that it should not regard such statements as evidence and that they were to be bound only by the evidence introduced before them. Despite the court's attempt to cure the error made by the deputy district attorney in so commenting

*Assigned by Chairman of Judicial Council.

on the evidence, for there can be little doubt that this was prejudicial misconduct (see *People* v. *Talle,* 111 Cal.App.2d 650 at 676 [245 P.2d 633]), the deputy district attorney nevertheless persisted in again making the same statement to the jury, and immediately after the judge's cautionary admonition to the jury, repeated: "I ask you to consider that, ladies and gentlemen, however, as guilty conduct on the part of the defendant." The court again instructed the jury to disregard the matter and the deputy district attorney proceeded with a rather nebulous argument relative to the whereabouts of a special delivery letter which had been testified to by the defendant and again commented on the fact that the defendant had not made any statement as to his whereabouts to anyone until he took the witness stand during the trial. Finally, in his closing remarks, the district attorney stated: "Now if you want to put these professional gunmen away, you and other juries like you are going to have to do it—— . . ." There was no evidence which would indicate that the defendant in this case was a professional gunman, and the remark of the deputy was unwarranted.

While it is easy to understand counsel becoming excited in the course of the trial, and while, furthermore, it is natural and necessary that counsel for the People as well as counsel for the defendant shall have the mind of an advocate, still the district attorney, as a representative of the People, is bound to refrain from making inflammatory statements and is bound by a somewhat higher duty of fairness than is the ordinary practitioner in a court of law. (*People* v. *Wilkes,* 44 Cal.2d 679 [284 P.2d 481].) Under the circumstances it is impossible to find that the error here complained of was not prejudicial. Therefore, the judgment and order appealed from are reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied June 21, 1956, and respondent's petition for a hearing by the Supreme Court was denied July 5, 1956. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.