336 P.2d 672]

[Crim. No. 3447.   First Dist., Div. Two.   Mar. 20, 1959.]

THE PEOPLE, Respondent, v. JOSEPH COTTON, Appellant.

Glenn P. Lewis, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown and Stanley Mosk, Attorneys General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—Defendant appeals from a judgment entered on a jury verdict finding him guilty on two counts of selling heroin. The sole issue on the merits is whether the district attorney was guilty of prejudicial misconduct.

In their brief, the People argued that the appeal was filed too late. On oral argument, the attorney general properly and commendably conceded that the notice of appeal was filed in time. (*People* v. *Slobodian,* 30 Cal.2d 362 [181 P.2d 868].) It is thus unnecessary to pass upon appellant's motion to augment the record, which deals only with the timeliness of his appeal.

The transactions leading up to the charges here involved occurred in San Francisco on April 1, 1957, and April 6, 1957. John A. Keeys, an undercover agent for the State Bureau of Narcotics testified that he had bought a "paper" from the defendant on each of those dates. The defendant testified that he had met Keeys and talked to him, but denied both sales. The only other witness at the trial was the narcotic chemist who testified to the contents of the "papers" purchased by Keeys. Defendant argues that in a case which turns solely on his credibility and the credibility of Keeys, certain remarks made by the district attorney constitute reversible error.

In his closing argument, the district attorney said:

". . . when Mr. Keeys is used by the State Bureau of Narcotics and he is produced here as a witness and knowing that he is going to give testimony that is not corroborated in the

fashion that we have talked about, I ask you to draw the very clear inference that that man is a man who is worthy of belief. At least some of us believe he is worthy of belief or we wouldn't use him in this work and wouldn't put him on the witness stand.''

It is misconduct for a prosecuting attorney to express his personal belief as to the reliability of a witness. (*People* v. *Pantages*, 212 Cal. 237 [297 P. 890].) However, the issue here is whether this comment was prejudicial. Appellant objected and the trial court promptly admonished the jury that "statements of counsel are not evidence and, of course, the beliefs of counsel are not evidence.''

In the preceding argument of defense counsel, he had said, referring to Keeys,

"On the basis of his statement, which, of course, Mr. Reichert believes and the police believe, or they wouldn't be here, . . . charges have been brought.''

Thus, the belief of the prosecutor and other law enforcement officers in Keeys' integrity was first placed before the jury by defense counsel. The prosecutor's statement was but repetition of one made by the defense with, we may assume, the view that it was helpful to the defendant. In these circumstances we cannot say that the prejudicial effect of the prosecutor's remark was so great that it was not removed by the court's admonition.

The defendant next complains about certain remarks of the district attorney to the effect that an undercover agent like Mr. Keeys was in danger and "is occasionally disposed of in another fashion by the people with whom he has been trafficking.'' Defendant, relying on *People* v. *Vienne*, 142 Cal. App.2d 172 [297 P.2d 1027] ; *People* v. *Talle*, 111 Cal.App.2d 650 [245 P.2d 633] ; *People* v. *Whitehead*, 148 Cal.App.2d 701 [307 P.2d 442], argues that these remarks were of an inflammatory nature and presented the jury an unwarranted inference that the defendant was a man capable of murder. We cannot agree. Whether a prosecutor has been guilty of prejudicial misconduct must be determined in the light of the particular fact situation involved. (*People* v. *Lyons*, 50 Cal. 2d 245 [324 P.2d 556].) Here the argument of defense counsel had been directed largely to the nature of Keeys' employment by the state. The prosecution reply did not, fairly read, attempt to attribute any murderous design to the defendant, who was not sought to be connected with the argument in any way. Rather, the argument went to the nature of the work

done by Keeys. No objection was made to any of this argument. The trial court did, in its instructions, advise the jury in detail that arguments of counsel are not evidence. Under these circumstances, we find no prejudice in the challenged remarks.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 13, 1959.