[Crim. No. 1757. Fourth Dist. Sept. 12, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DEAN EDWARD REESE, Defendant and Appellant.

Alexander B. Yakutis, under appointment by the District Court of Appeal, and Walker, Sullivan, Hews, Brown & Yakutis for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.*—Appellant was convicted after trial by jury of three counts of robbery and a fourth count of kidnaping. He has appealed from the judgment of conviction as to all four counts.

Two bandits carrying guns robbed a market in Riverside the night of January 19, 1962. Wearing paper sacks over their heads, the robbers forced employees and customers to lie behind the counter and then tied and robbed them. One of the bandits who went to the parking lot at the rear of the store to commandeer a get-away car, came upon a man sitting at the wheel of his car. At gunpoint the robber ordered the

*Assigned by Chairman of Judicial Council.

man to get out of the car and go into the market. The man, later a witness, could see the robber's face as he was not then wearing his mask and there was light in the area where the car was parked. Also, the dome light illuminated the area when the car door opened, and gave the car owner a good look at the bandit's features. On their way into the market they passed through a lighted storeroom, where the car owner again got a view of the robber. This witness was the only victim able to positively identify appellant. The other victims could testify only as to certain similar characteristics, between the robber and appellant because of the paper-sack mask that obscured his face.

Appellant alibied that at the time the robbery occurred he was in Long Beach, where he lived. Five witnesses corroborated his alibi to some degree. They included his wife, a sister, a brother, a neighbor woman, and a part-time employer.

■ Appellant's first contention that the evidence of identification was insufficient to justify his conviction, is untenable. Even though only one witness made a positive identification, that witness observed defendant at close range without the mask; his testimony alone is sufficient to sustain the conviction. (*People* v. *Whitson*, 25 Cal.2d 593, 604 [154 P.2d 867]; *People* v. *Vienne*, 142 Cal.App.2d 172, 173 [297 P.2d 1027].)

■ Appellant charges the district attorney with prejudicial misconduct of a reversible nature in that he argued to the jury that appellant failed to disclose his alibi when accused of the crime, and that his silence constituted an implied admission of guilt.

The circumstances were that appellant was arrested several days after the robbery, but on another charge and in another county. While in custody, he was questioned about the Riverside robbery and accused of committing the crime. Appellant neither admitted nor denied the charge. The district attorney argued to the jury that failure to answer or deny the accusatory charge was conduct inconsistent with that of an innocent man, and that the jury should consider this fact. This much of the argument was proper, and had the district attorney stopped at this point there would have been no error, particularly since the court by giving Instruction CALJIC No. 30 properly instructed the jury concerning failure to reply to an accusatory statement. The substance of this instruction was recently approved by the Supreme Court in

*People* v. *Whitehorn*, 60 Cal.2d 256, 261 [32 Cal.Rptr. 199, 383 P.2d 783]. But the district attorney went a step further and argued that the jury could consider as an admission or as an act inconsistent with that of an innocent man, the fact that appellant when questioned about the crime did not disclose his alibi to law enforcement officials. He argued as follows:

"But he knows where he was. He has got all these witnesses to prove where he was that night, but does he tell anybody, does he tell anybody in law enforcement? I don't know who he told. Obviously he discussed it with a lot of his friends and relatives, but does he tell the officer? 'I wasn't there; check out my story.' . . . Is this the conduct of an innocent man who has been mistaken for somebody else? Is this consistent with innocence?"

The district attorney told the jury, in effect, that a defendant when accused of committing a crime is required not only to deny the charge, but that if he has an alibi he must also disclose it. The argument is patently erroneous, since a defendant when faced with an accusatory charge is not required to disclose his alibi or any other defense. (*People* v. *Vienne, supra,* 142 Cal.App.2d 172, 173.)

The error of the district attorney here was compounded by not confining the presupposed obligation of a defendant to disclose his alibi, to the time when the accusatory statement is made and to the law enforcement officer who made the accusation. The district attorney's argument, "[D]oes he tell anybody, does he tell anybody in law enforcement?" is broad enough to require a defendant who has an alibi to seek out a law enforcement officer and tell him.

 Respondent argues that the misconduct of the prosecuting attorney, just discussed, if viewed in the light of the entire record does not constitute reversible error. (*People* v. *Kirkes,* 39 Cal.2d 719 [249 P.2d 1]; *People* v. *Carr,* 163 Cal.App.2d 568, 577 [329 P.2d 746].) The evidence of appellant's guilt is strong, no doubt about it, and standing alone the error might not be reversible. The record, however, discloses improper argument upon another occasion by the district attorney.

 In discussing the testimony of the five witnesses who corroborated appellant's alibi that he was in Long Beach on January 19, the district attorney told the jury:

"Now, I am not going to say that they are all lying. But some of them are. Some of them were. Some of them have committed perjury, but some of them I think are just a little over eager to help out a friend or relative."

The district attorney had a perfect right, even a duty, to go over the testimony of each witness and point out any discrepancies therein and explain to the jury how these discrepancies indicated false testimony. But here the district attorney, rather than discredit the testimony of a particular witness, indirectly branded defendant's witnesses as possible felons. The critical objection is that by this technique the district attorney is able to obliquely impeach a witness by charging him with the commission of a felony of which he has not been convicted. A witness on the stand cannot be impeached by an accusation of perjury unless the witness has been convicted thereof, since impeachment of this character stems from a prior conviction of a felony. An attorney should not be permitted to accomplish by argument that which he is precluded from doing by cross-examination.

Respondent contends that the remarks of the prosecuting attorney are errors which cannot be raised on appeal since these issues were not properly raised in the trial court. There are exceptions to this general rule, as pointed out by the Supreme Court in *People* v. *Perez,* 58 Cal.2d 229, 247 [23 Cal.Rptr. 569, 373 P.2d 617]. If an act done or a remark made is of such character that a harmful result cannot be obviated or cured by any retraction of counsel or instruction of the court, the matter may be considered on appeal.

Here appellant's only defense, his contention that he was in Long Beach at the time the robbery was perpetrated, was predicated upon his testimony and that of his five witnesses. We doubt that a retraction by the district attorney or an admonition from the court would have removed the doubts unfairly raised as to appellant's failure to disclose his alibi and by characterizing his witnesses as felons. Whether a fair trial has been had is the fundamental test in determining if there has been reversible error, and for the reasons herein discussed we think the trial here failed to meet that test.

Appellant makes several other contentions, none of which are meritorious, and since we have concluded that the judgment must be reversed we will not burden this opinion by a discussion of them.

The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 6, 1963.