[Crim. No. 80. Fifth Dist. Dec. 18. 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ELI HOMER HAMILTON, Defendant and Appellant.

Eli Homer Hamilton, in pro. per., and Eugene W. Mc-Knight, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Edsel W. Haws and John L. Giordano, Deputy Attorneys General, for Plaintiff and Respondent.

STONE, J.—Defendant appeals from a conviction, after trial by jury, of possession of narcotics in violation of section 11530, Health and Safety Code. He was acquitted of another count charging violation of section 11531, Health and Safety Code, furnishing a narcotic.

One Alvarez, an agent employed by the Kern County Sheriff's Office, testified that while he and defendant were in an automobile, defendant produced a hand-rolled marijuana cigarette which he partly smoked, giving what remained to Alvarez, who pretended to smoke it. Instead he hid it in his sock, and later delivered it to the sheriff's office. A chemical analysis disclosed the contents of the cigarette to be marijuana. The first count charging defendant with furnishing marijuana was predicated upon the foregoing facts.

Approximately a month after the smoking episode, Alvarez, looking for defendant Hamilton, went to the apartment of Mrs. Dorothy Cobb, a codefendant who has not appealed from her conviction of possession. Alvarez knocked on the door and when defendant appeared, Alvarez asked for marijuana, but defendant denied having any. Alvarez left and walked to a window at the rear of the house, through which he observed defendant at a table holding a brown package which Alvarez thought was marijuana, and some colored bal-

loons on the table. The sheriff's office was then called by Alvarez and a deputy came to the scene; Alvarez showed him the location of the apartment, and left.

Shortly thereafter three deputies from the Kern County Sheriff's Office, together with two state parole officers, went to Mrs. Cobb's apartment. Defendant opened the door dressed in shorts, explained that he had just showered, and invited the men in after they told him they had come to look around. Men's and women's clothing were found in the closet, and Hamilton admitted the men's clothing was his, explaining that although he had a wife and a home in another part of the city, because of trouble with his wife he stayed with Mrs. Cobb occasionally. In a vanity-dresser combination the officers found some men's shorts, socks and handkerchiefs with the monograms "E" and "H" upon them. There was no women's clothing in this particular drawer. Beside the men's clothing the officers found two marijuana cigarettes regarding which defendant denied any knowledge.

When Mrs. Cobb arrived home, she was questioned about the narcotics, and said that she knew nothing about any cigarettes. Later, when a deputy told defendant he was being arrested for possession of narcotics, Mrs. Cobb said the cigarettes belonged to her. Hamilton said to the officers, "You know me better than that, if I had any narcotics I certainly wouldn't keep them in my house." Although Mrs. Cobb first said she had seen no narcotics since leaving Los Angeles, one of the officers testified she told him the correct drawer in which the marijuana was found, and the number of cigarettes.

At the trial Mrs. Cobb testified that Hamilton had stayed with her upon several occasions, and that she had never seen him with narcotics. She testified, also, that the cigarettes were hers and that she purchased them from a James Williams in Bakersfield, and that defendant was not aware of the presence of the narcotics in her apartment.

Appellant was acquitted of the charge of furnishing marijuana, but he was found guilty of the second count charging him with possession.

■ Concededly, the circumstantial evidence upon which this case must rest is weak, but the evidence in support of the conviction must be viewed with the rule in mind that an appellate court is required to view the record in the light most favorable to the People. (*People* v. *Sweeney*, 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].)

█ At the outset, if we concede, as appellant insists we must, that the jury believed the testimony of Mrs. Cobb that the marijuana was hers since she was convicted of possession of it, that fact does not prevent a finding that appellant, too, had possession of the same marijuana. The decisions make it clear that possession need not be exclusive to support a conviction of possession of a narcotic pursuant to Health and Safety Code section 11530. (*People* v. *Prieto*, 191 Cal.App.2d 62, 71 [12 Cal.Rptr. 577].)

The only evidence that appellant had knowledge of the presence of the narcotics and nonexclusive control, is the fact that the cigarettes were found in a drawer with his personal effects. Yet it cannot be denied that he had possession and control of his personal effects, a circumstance which has frequently been held to constitute circumstantial evidence of knowledge of the presence of a narcotic found with or in such personalty. (*People* v. *Millum*, 42 Cal.2d 524, 529 [267 P.2d 1039]; *People* v. *Prieto, supra; People* v. *Bretado*, 178 Cal.App.2d 465, 468-469 [3 Cal.Rptr. 216]; *People* v. *Martinez*, 169 Cal.App.2d 242, 245 [336 P.2d 988].) Furthermore, his codefendant had no clothing or personal effects in the same drawer.

█ The jury found these facts sufficiently convincing to find appellant guilty, and any doubt this reviewing court may have cannot be substituted for the state of mind of the jury. Under like circumstances the Supreme Court said, in the case of *People* v. *Redrick*, 55 Cal.2d 282, at pages 289-290 [10 Cal.Rptr. 823, 359 P.2d 255]: "The credence and ultimate weight to be given the evidence of the various particular circumstances are of course for the trier of fact, and 'It is the trier of fact, not the appellate court, that must be convinced of a defendant's guilt beyond a reasonable doubt. If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' [Citation.]

"The rule that 'to justify a conviction on circumstantial evidence the facts and circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion' [citations] is primarily for the guidance of the trier of fact. Such rule would be applicable to appellate review of a conviction only where, giving to each circumstance in evidence all the

legal effect toward guilt which it could support, it would still appear that a rational conclusion of innocence was not excluded. Circumstantial evidence is like a chain which link by link binds the defendant to a tenable finding of guilt. The strength of the links is for the trier of fact, but if there has been a conviction notwithstanding a missing link it is the duty of the reviewing court to reverse the conviction.

" . . . While on the record here it may be that the evidence of guilt is not wholly persuasive *to us,* under the above stated analysis of the *legal sufficiency* of such evidence and the foregoing principles of appellate review, we cannot say that a link in the chain of essential proof is missing; hence it is not within our province to interfere with the determination of the trier of fact."

Significant, also, is the well-established rule that it is the province of the jury, not this reviewing court, to determine the credibility of Mrs. Cobb, the appellant, agent Alvarez and the arresting officers. (*People* v. *Perez,* 58 Cal.2d 229, 237 [23 Cal.Rptr. 569, 373 P.2d 617].)

The judgment is affirmed.

Conley, P. J., and Brown (R.M.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1964. Peters, J., was of the opinion that the petition should be granted.