[Crim. No. 134. Fifth Dist. Feb. 18, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER LEE FINN, Defendant and Appellant.

Hugh Wesley Goodwin for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—Defendant was found guilty by a jury of violation of Health and Safety Code section 11500, possession of narcotics. He appeals from the judgment entered on the jury verdict.

After keeping defendant and the place of his residence under surveillance for some time, law enforcement officers obtained a warrant to search the premises, and a separate warrant to search the person of defendant. The officers went to the door of the house, demanded admittance, but received no reply. Upon hearing what sounded to them like rushing water inside the premises and suspecting that someone within the house was flushing contraband down the drain, they tried the door, found it locked, and forced an entry. No one was there. The officers searched the premises and found marijuana in the kitchen, in the bathroom, and beneath the gas meter outside the house.

Two days later, while defendant was at the office of his parole officer in Fresno, state narcotics agents arrested him. One of the officers advised defendant he was being arrested

pursuant to a felony warrant of arrest. A search of defendant's person revealed fragments of marijuana in his clothing. Defendant, without being advised of his constitutional rights, was questioned by the arresting officers and admitted living at the premises which previously had been searched. In addition to admitting that he lived in the house, defendant said that he used the bathroom and that he had seen cigarette papers and a matchbox there, but he denied any knowledge of the presence of marijuana.

The premises were rented by one Bobby May Nealy, who was charged, along with defendant, with possession of narcotics, violation of Health and Safety Code section 11500.

At the preliminary hearing the narcotic substances were received in evidence, and defendant and Bobby May were bound over for trial. On the morning of trial, Bobby May changed her plea to guilty. As a defense witness she testified that although defendant lived in her house, he was merely a roomer, that he occupied the back bedroom, and that the only other part of the house to which he had access was the bathroom. She also testified that the marijuana on and in defendant's clothing was sprinkled there by her to ''get even with him'' for consorting with another woman. Additionally, she said that she purchased all the marijuana discovered on the premises where defendant lived, that she placed it where it was found, and that defendant had no knowledge of its presence. Defendant did not testify in his own behalf at the trial.

Reversible error is asserted in the admission of the marijuana seized in the search of the house in which defendant lived, and the introduction of the marijuana fragments taken from his clothing. ■ The record reflects that defense counsel made no objection to the introduction of the evidence at either the preliminary hearing or at the trial, and he cannot now raise it for the first time on appeal. (*People* v. *Ibarra*, 60 Cal.2d 460, 462 [34 Cal.Rptr. 863, 386 P.2d 487].) There are a number of cases so holding, but we cite *Ibarra* since counsel appears to rest his right to raise these questions for the first time on appeal upon that case. The holding of *Ibarra* is not so broad as defendant contends, as the reversal there rested upon the ground of inadequate representation which deprived the defendant of a fair trial. Here, defendant's attorney was not ignorant of the applicable law, as counsel apparently was in *Ibarra*. Defendant was, and is, represented by a Harvard-trained lawyer experienced in the

practice of criminal law at both trial and appellate levels. Furthermore, an objection in the lower court would have been unavailing. ▮ The officers, armed with a search warrant, were justified in entering the house upon receiving no response to a demand for admittance and hearing rushing water which made them think someone might be flushing contraband down the drain. Under like facts a search was held to be legal in *People* v. *Villanueva*, 220 Cal.App.2d 443 [33 Cal.Rptr. 811].

▮ The search of defendant's person at the time of his arrest was valid since the arrest was made pursuant to a warrant of arrest. (*People* v. *Winston*, 46 Cal.2d 151, 162 [293 P.2d 40].) ▮ The officers had a warrant to search the person of defendant, but the record is silent as to whether it was served. When the record reflects that an officer making an arrest has a search warrant, but it is silent as to whether it was served, and no objection is made to the evidence in the trial court, it will be presumed that the seizure was lawful. (*People* v. *Moulton*, 210 Cal.App.2d 673 [27 Cal.Rptr. 132]; *People* v. *Jaquish*, 170 Cal.App.2d 376 [338 P.2d 974].)

▮ Defendant next argues that the evidence is insufficient to prove his knowledge of the presence of, and his dominion or control over, the marijuana found at the house where he resided. Both of these elements of the crime of violation of Health and Safety Code section 11530 can be proved by circumstantial evidence. (*People* v. *Redrick*, 55 Cal.2d 282, 289 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Hamilton*, 223 Cal.App.2d 542, 544 [35 Cal.Rptr. 812].) ▮ Furthermore, possession may be constructive as well as physical, and it need not be exclusive. (*People* v. *Villanueva*, *supra*, p. 450; *People* v. *Prieto*, 191 Cal.App.2d 62, 71 [12 Cal.Rptr. 577]; *People* v. *Hamilton*, *supra*, p. 545.)

▮ Viewing the evidence in a light most favorable to respondent, as we must (*People* v. *Sweeney*, 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049]), there is little room to question the circumstantial evidence proving defendant's knowledge of the presence of narcotics in his clothing and his knowledge of the nature of the substance. The other circumstantial evidence was that marijuana was found concealed in the bathroom adjoining defendant's bedroom, and in the kitchen. It is not contradicted that defendant used the bathroom and it is not unreasonable to deduce from the testimony of the codefendant that the kitchen and other parts of the house were frequented by defendant. It is true that

Bobby May testified that defendant's use of the premises was limited to his bedroom and the bathroom. However, defendant was more than just her roomer; she admitted that he is the father of her child born the preceding year.

The circumstantial evidence of defendant's possession of the marijuana and knowledge of its narcotic character is sufficient to sustain the judgment. As an appellate court we are not bound to review the evidence according to the rule of reasonable doubt; that rule applies to the trial court. Our duty is to review the record to determine if there is any substantial evidence to sustain the jury's verdict; it need not satisfy us beyond a reasonable doubt. (See *People* v. *Redrick, supra,* pp. 289-290.)

The only provocative question raised by defendant's appeal is whether, under the rule of *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], the questioning that took place at the time of his arrest was in violation of his constitutional rights under the Sixth Amendment. The record reflects that defendant was not advised either of his right to counsel or of his right to remain silent, before he was interrogated by the arresting officers. Defendant made no confession, as did the defendant in *Dorado, supra,* and in *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977]. He did make an admission, however, which brings us face to face with the question whether an admission which is not a confession falls within the scope of *Dorado* and *Escobedo.*

In *People* v. *Atchley* (1959) 53 Cal.2d 160 [346 P.2d 764], Justice Traynor, speaking for the Supreme Court, discussed admissions against the backdrop of the exclusionary rule as applied to confessions. He concluded: "All these reasons for excluding involuntary confessions apply to involuntary admissions as well." (P. 170.) Thereafter the United States Supreme Court, in *Massiah* v. *United States* (1964) 377 U.S. 201 [84 S.Ct. 1199, 12 L.Ed.2d 246], held that incriminating statements elicited by officers without the defendant's knowledge or consent by means of a radio transmitter concealed on the person of a codefendant, were inadmissible. Recently the California Supreme Court, in *In re Lopez* (1965) 62 Cal.2d 368 [42 Cal.Rptr. 188, 398 P.2d 380], held the introduction into evidence of statements elicited from a defendant by another prisoner placed in Lopez's cell by the police for that very purpose without Lopez's knowledge, constituted reversible error under the rationale of *Massiah, supra,* and

*Dorado, supra.* These cases make it clear that the Sixth Amendment to the United States Constitution is applicable to incriminating statements even though they may be something less than a confession.

We are not here concerned with whether the questioning was investigative or accusatory, since defendant was arrested pursuant to a felony warrant of arrest before he was interrogated. Our problem is whether use in evidence of a statement taken in violation of defendant's rights under the Sixth Amendment constitutes reversible error, *ipso facto,* and if not, when is the error reversible? Perhaps the problem is more poignantly expressed if the question is framed conversely: when is the use of such a statement not reversible error?

*Massiah* and *Lopez* leave no doubt that reversible error results from the use of a statement that admits either an essential element of the crime charged, or a fact necessary to establish defendant's guilt. The vexing question is how should statements that fall short of these two types of admissions be tested for reversible error. Such statements might well be irrelevant or inconsequential, and if introduced into evidence they would in no way prejudice a defendant nor prevent a fair trial. In such circumstances any error resulting from their use should not constitute reversible error.

■ It seems to us that when a statement is something less than an admission of an essential element of the crime or a fact necessary to establish the defendant's guilt, it must be viewed in the light of all of the circumstances surrounding the trial to determine whether its use in evidence constituted reversible error. In short, it is a question of fact to be determined in each case; a determination that must rest upon whether the error prejudices the defendant and prevents him from having a fair trial. (*People* v. *Reese,* 220 Cal.App. 2d 143, 147 [33 Cal.Rptr. 561]; *People* v. *Chambers,* 231 Cal.App.2d 23, 27 [41 Cal.Rptr. 551].) The guideline is broad and general, to be sure, but necessarily so since it is impossible to catalog every factual situation that may prejudice a defendant or prevent a fair trial by the use of statements taken in violation of a defendant's constitutional rights. Though more a principle of law than a rule, it will, as a criterion, gain substance by judicial inclusion and exclusion, case by case, its limits remaining malleable all the while.

■ We believe it clear from *Atchley, Massiah* and *Lopez* that the introduction into evidence of confessions and ad-

missions of either an essential element of the crime or a fact necessary to establish the defendant's guilt constitutes reversible error. This accords with the fundamental and motivating principle expressed in *Lopez* (p. 368) that such statements are excluded to discourage any attempt to obtain a confession or an admission by coercion. At the same time, to hold that whether the use in evidence of "lesser statements" constitutes reversible error is to be determined as a question of fact, is consistent with another observation expressed in *Lopez* (p. 378) that " 'It is not the purpose of the exclusionary rule to protect the guilty.' "

Looking at the statements before us, defendant made no confession, nor did he admit an essential element of the crime or a fact necessary to establish his guilt. Our review of the record discloses that defendant admitted to the officers that he lived at the premises, but this fact was established by the surveillance and the testimony of Bobby May. He admitted use of the bathroom, a fact also established by Bobby May. Defendant denied knowledge of the presence of marijuana in the bathroom, or anywhere else. Bobby May corroborated him as to this statement. The essential elements of the crime, the presence of marijuana, defendant's knowledge of its presence, and his knowledge of the narcotic character of the substance, were established by circumstantial evidence, not by any admission of defendant.

We conclude that defendant's statements, taken by officers without first advising him of his constitutional rights, can hardly be classified as incriminating, and that they were an inconsequential factor in the outcome of the case. Therefore no reversible error resulted from the introduction into evidence of the statements made by defendant at the time of his arrest.

The judgment is affirmed.

Conley, P. J., and Brown (R. M.), J., concurred.