186

[Crim. No. 9914.    Second Dist., Div. Two.    May 3, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. LARRY
EUGENE WOODS, Defendant and Appellant.

Stanley L. Avery, under appointment by the District Court
of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Gilbert F. Nelson, Deputy
Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Defendant Larry Woods was convicted of
four counts of robbery and found to have been armed at the
time of each offense.

On May 10, 1963, at approximately 9 p.m. two men entered
the La Tijera Pharmacy through a rear door.  After entering
the store one man proceeded to plunder the front cash register
and the other man the rear cash register.  Defendant was
identified by three separate witnesses as the man who ran-
sacked the front cash register.  One witness to the robbery
testified that when she entered the pharmacy through the rear
door she noticed a two-tone white and red Pontiac parked
behind the store.

On May 14, 1963, at about 9:45 p.m. defendant and an-
other man entered and robbed a pharmacy in the town of
Pacoima.  Defendant was identified as one of the robbers by
two store clerks and by the pharmacist.

Defendant's companion in both robberies was Eugene Allen, later identified by photograph. Allen was killed on May 20 in a third drug store robbery in which defendant did not take part.

Following Allen's death the police went to Allen's residence and found a red Pontiac which led them to investigate the defendant. They arrived at defendant's residence about 5:20 on the morning of May 21 and found defendant in. An officer asked for Larry Woods, and defendant said Woods was working at some gas station he didn't know where. Defendant Larry Woods then produced an operator's license in the name of Ned Woods and said he was Larry's brother. A few minutes later defendant admitted he was Larry Woods and said he had the fraudulent operator's license to avoid traffic citations. Defendant was arrested and taken to the police station. About 5:40 a.m. defendant was questioned at the station by Officer Stevens. Defendant stated that Allen, the deceased, was a friend of his, and that on learning Allen had been shot in a drug store holdup he drove to Allen's house in the red car. There, defendant saw the police, so he left the car and walked back to his apartment because he was afraid he might get arrested. This conversation lasted 20 to 30 minutes.

At the trial defendant denied that he was a party to either of the robberies. His main defense was an alibi for the nights of May 10 and May 14. He testified he drove a red car in the month of May but denied driving to Allen's house on the night of May 20.

Court-appointed counsel concludes that no meritorious ground for appeal appears in the record. After an independent review of the record we are of the same opinion. However, the appeal was filed prior to the decision in *People v. Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], which decision, we believe, merits a brief discussion as applied to this case.

*People v. Dorado,* held that ". . . when the investigatory stage has become an accusatory one, that is, when it has begun to focus on a particular suspect, the suspect has been taken into police custody, and the police have carried out a process of interrogations that lends itself to eliciting incriminating statements" then the suspect must be advised of his right to counsel and of his right to remain silent. (62 Cal. 2d 338, 354.)

The statements made to Officer Stevens at the police station were substantially as follows: defendant was an

acquaintance and friend of Allen, the deceased, and on learning that Allen had been shot, he drove to Allen's residence. There, defendant saw the police had gathered so he left because he was afraid he might get arrested.

In *Dorado*, at page 356, it was said ". . . under some circumstances the introduction into evidence of statements obtained from a defendant during police interrogation in violation of his right to counsel and his right to remain silent may constitute harmless error, . . ." (Cal. Const., art. VI, § 4½; *People* v. *Parham*, 60 Cal.2d 378, 385 [33 Cal.Rptr. 497, 384 P.2d 1001].) Admissions of slight prejudicial effect fall within this category. (*People* v. *Finn*, 232 Cal.App.2d 422 at p. 428 [42 Cal.Rptr. 704], states the rule: ". . . when a statement is something less than an admission of an essential element of the crime or a fact necessary to establish the defendant's guilt, it must be viewed in the light of all the circumstances surrounding the trial to determine whether its use in evidence constituted reversible error."

Here there was abundant evidence to connect defendant with the robberies. (*People* v. *Hernandez*, 47 Cal.App.2d 132 [117 P.2d 394].) Three witnesses at one drug store and three at the second positively identified defendant as a participant. In examining defendant's statements we fail to see wherein they prejudiced him in any legally significant manner. Defendant did not admit any essential element of the crime nor any fact necessary to prove his guilt. The statements at most constituted an admission of an association with a man who was identified as one of the participants in the robberies. It is true that defendant admitted driving a red car to Allen's residence, and a red car had been seen at the first robbery. But this does not establish that defendant was in the car on the night of the charged offense or that it was the same vehicle. Therefore, even if we were to assume that *Dorado* requires the exclusion of these statements, a proposition which is doubtful in the light of the decision in *People* v. *Stewart*, 62 Cal.2d 571 [43 Cal.Rptr. 201, 400 P.2d 97], their admission constituted harmless error and does not require a reversal. (*People* v. *Dorado*, 62 Cal.2d 338, 356 [42 Cal.Rptr. 169, 398 P.2d 361]; *People* v. *Finn*, 232 Cal.App.2d 422 [42 Cal.Rptr. 704].)

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.