[Crim. No. 10126.   Second Dist., Div. Two.   July 21, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ANDRE JACK STEWART, Defendant and Appellant.

Bernard Grossman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Herbert Davis, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was charged by information with three counts of violating Penal Code, section 211. It was alleged that he was armed at the time. A jury found appellant guilty on all counts but concluded that he was not armed. He appeals from the judgment.

On December 24, 1963, after midnight, four men entered

and robbed the Hamburger Hamlet restaurant in Sherman Oaks. Appellant was first observed by Mr. Madden, the night manager, behind a stationary stand in the center of the dining room area. At that time appellant was facing Madden and approximately 25 feet away. Madden again observed appellant when he was forced to open the restaurant safe and afterwards passed by appellant who was standing in a lighted area. Madden subsequently identified appellant in a police lineup. George Johnson, a bus boy, took the stand and identified appellant as one of the participants in the robbery. Previously, he, too, had seen appellant in the police lineup. Johnson, however, testified at the preliminary hearing that he was unable to identify any of the robbers. After the preliminary hearing he told the police that he had refused to identify appellant and one other participant, although he recognized them, because he had been told by two men ''If you want to live, you don't know nobody.''

Appellant was arrested on January 2, 1964, and arraigned shortly thereafter. On January 13, appellant and one co-defendant, Brooks, were taken from their cells in the county jail to an interrogation room on the third floor of the Hall of Justice and confronted by officers Deiro and Williams and Charles Clements, one of the other participants in the robbery. The three arrestees thus met acknowledged knowing one another. Clements then read out loud his detailed confession, 15 pages in length.

In Clements' confession appellant Stewart is mentioned by name several times and is connected with almost all facets of the robbery and the preparation therefor. Appellant remained silent during the reading thereof and approximately 30 seconds to one minute after the conclusion was returned to his cell. Over appellant's objection, but after the trial court assured itself that a proper foundation existed for its admission, Clements' entire 15 page statement was read to the jury. Officer Deiro testified that appellant remained silent in the face of the accusatory statement.

Appellant contends that the court committed prejudicial error in admitting both the confession of Clements and in the giving of an instruction to the jury in respect of the inferences it could draw from appellant's silence in the face of the accusatory statement.

Appellant testified that at the time of the robbery he was at his hotel room with a friend. At the time of his arrest, he

denied to the arresting officers, which denial they confirmed, his participation in the robbery. Appellant testified that immediately prior to the time he was confronted with Clements, he was told by Officer Deiro ". . . not to open his mouth . . ." and also that prior to the confrontation he had been advised by counsel not to say anything. After the statement was read, he was not asked to make any comment.

When appellant was confronted with the Clements' confession, the accusatory stage of the proceedings had been reached. He had an absolute constitutional right to remain silent.

*Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 1233, 14 L.Ed.2d 106], holds that the provision in our state Constitution (art. I, § 13) allowing the prosecution to comment on the defendant's failure to take the stand, is unconstitutional: "We said in *Malloy* v. *Hogan, supra,* 378 U.S. p. 11, 12 L.Ed.2d p. 661, that 'the same standards must determine whether an accused's silence in either a federal or state proceeding is justified.' We take that in its literal sense and hold that the Fifth Amendment, in its direct application to the federal government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." (14 L.Ed.2d 110.)

Our courts prior to *Griffin* have held: "When the response to an accusatory statement consists of evasion, equivocation or silence, 'It is for the court in the first instance to determine whether the import of the statements is such that it would furnish a foundation for proof of conduct, and it is then for the jury to decide whether the accused was aware the statements were made, whether, under all the circumstances shown, they called for a disclaimer, whether the accused did reply to them, and whether if he did not do so, such failure showed criminal intent or a consciousness of guilt.' [Citations.]" (*People* v. *Davis,* 43 Cal.2d 661, 670 [276 P.2d 801]; see also *People* v. *Simmons,* 28 Cal.2d 699, 713 [172 P.2d 18]; *People* v. *Moore,* 211 Cal.App.2d 585, 596 [27 Cal.Rptr. 526].)

Justice Carter noted in *Simmons, supra,* at p. 715, that "Many other forms of restraint [besides arrest] have the same effect, such as fear, physical pain, suffering, advice of counsel, admonition as to silence, warning against self-incrimination, a belief that the accused will serve his best

interests by silence, or other physical or mental pressure.'' He concluded, by way of guideline to the trial courts, that ''For [these reasons], any accusatory statement and a response thereto made by a defendant under restraint, should be considered with great caution, and if the police questioning has been insistent, so that the defendant has been induced or persuaded against his better or more considered judgment to make a response or has adopted the policy of silence, the accusatory statement should be held inadmissible by the trial judge in the first instance. . . . [A]*nd his response should certainly be held inadmissible unless, at the time of questioning, the defendant has been clearly advised that his reaction can be held against him as an admission.*'' (Italics added.) (*Supra,* pp. 718-719.)

▇ In the case at bench appellant testified that he was advised by Officer Deiro and his attorney to remain silent and manifestly, once an accused has been advised he has the right to remain silent, his silence cannot be used against him as an admission. (*People* v. *Spencer,* 78 Cal.App.2d 652, 657 [178 P.2d 520].) There is no showing that appellant waived any of his constitutional rights at the time of the confrontation or at any other time. ▇ Unless the accused has intelligently waived his constitutional rights, it follows that the accused's absolute constitutional right to remain silent (*Massiah* v. *United States,* 377 U.S. 201 [84 S.Ct. 1199, 12 L.Ed.2d 246][1]; *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977]) cannot be exploited to his disadvantage by conversion into an inference of guilty consciousness no matter how psychologically compelling such inference may be. This conclusion would seem to follow logically in the footsteps of *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

▇▇ It is now thoroughly settled that those statements falling within *Dorado* include admissions and exculpatory statements as well as confessions. (*People* v. *Hillery,* 62 Cal.2d 692, 712 [44 Cal.Rptr. 30, 401 P.2d 382]; *People* v. *Sears,* 62 Cal.2d 737, 743 [44 Cal.Rptr. 330, 401 P.2d 938]; *People* v. *Finn,* 232 Cal.App.2d 422 [42 Cal.Rptr. 704]; *People* v. *Haley,* 234 Cal.App.2d 444 [44 Cal.Rptr. 346] and that the accusatory stage matures ''when the officers have arrested the suspect and the officers have under-

---

[1]*Massiah,* as does the case at bench, involved post-arraignment questioning.

taken a process of interrogations that lends itself to eliciting incriminating statements'' (*People* v. *Stewart,* 62 Cal.2d 571, 577 [43 Cal.Rptr. 201, 400 P.2d 97]; *People* v. *Schader,* 62 Cal.2d 716, 726 [44 Cal.Rptr. 193, 401 P.2d 665].)

■ Moreover, we ''cannot presume in the face of a silent record that the police informed defendant of his right to remain silent and of his right to counsel.'' (*People* v. *Stewart, supra,* 62 Cal.2d 571, 581; *People* v. *Sears, supra,* 62 Cal.2d 737, 743.)

In *Dorado,* the court said at pp. 352-353: ''*Escobedo* also holds that the accused has the right not to incriminate himself and to remain silent, and that, if any self-incriminatory statements are to be admissible, he must waive that right . . .'' and that respect for the constitutional right to remain silent requires that before the prosecution can introduce the defendant's confession or admissions into evidence this right to remain silent must be intelligently waived.

■ Failure to talk or other conduct in the face of an accusatory statement is evidence by legal inference. (*Davis, Simmons, Moore, supra.*) Such inference if drawn can be as damaging as any incriminating statement. On oral argument it was admitted that the jury was instructed in the language of CALJIC No. 30.[2] The jury was therefore told that it could draw an inference that the accusatory confession read to appellant was true.

■ When police officers confront an accused under the circumstances presented in the case at bench, with an accusatory statement which on its face requires an explanation, they can be seeking no other result but an oral acknowledgment of the truth of the statement by the accused or the eventual court use of his silence as an implied admission. This method of interrogation is as much an attempt to elicit

---

[2]CALJIC 30 provides: ''If you should find from the evidence that there was an occasion when the defendant, under conditions which fairly afforded him an opportunity to reply, failed to make denial [, or made false, evasive or contradictory statements,] in the face of an accusation, expressed directly to him or in his presence, charging him with the crime for which he now is on trial or tending to connect him with its commission, and if you should find that he heard the accusation and understood its nature, the circumstance of his silence [and conduct] may be considered against him as indicating an admission that the accusation thus made was true.

''Evidence of such an accusatory statement is not received for the purpose of proving its truth, but only to explain the conduct of the accused in the face of it; and unless you should find that his conduct at the time indicated an admission that the accusatory statement was true, you should entirely disregard the statement.''

incriminating statements as the "traditional" form of interrogation. In each case the consequences of the police activity fall within the condemnation of *Escobedo* and *Dorado.* Therefore, it was error to admit testimony concerning appellant's silence in the face of the accusatory statements without an affirmative showing that appellant waived his constitutional rights.

It is now thoroughly settled that prejudicial error follows regardless of other evidence of guilt in the record only when the statements obtained from the accused constitute a confession to the crime charged. (*People* v. *Dorado, supra,* 62 Cal.2d 338, 356; *People* v. *Davis,* 62 Cal.2d 791 [44 Cal.Rptr. 444, 402 P.2d 142]; *People* v. *Robinson,* 62 Cal.2d 889 [44 Cal.Rptr. 762, 402 P.2d 834]; *People* v. *Beverly,* 233 Cal.App.2d 702, 712 [43 Cal.Rptr. 743].)

Statements which constitute less than a confession require the application of article VI, section 4½ of the California Constitution.

Technically there is no confession in this case. However, in *Simmons, supra,* at p. 712, the court characterized a defendant's silence in the face of an accusatory statement as either the acquiescence of the accused in the truth of the statement or as indicative of a consciousness of guilt. Unless in the case at bench, the jury was told in so many words that the confession read was not that of appellant, and appellant's silence could not be construed as acquiescence in the truth of the confession or as indicative of a consciousness of guilt, we do not see how it could do anything but irreparable harm. The jury, as a practical matter, is left with a conclusion that the confession is in some way attributable to appellant. The admission of Clements' confession, whether defined as an adoptive confession or as an implied admission of guilt, can so readily be construed as a confession of appellant, that it is difficult for us to believe its introduction could have been anything but prejudicial error. (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243].)

The judgment is reversed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied August 23, 1965, and respondent's petition for a hearing by the Supreme Court was denied September 15, 1965. Mosk, J., was of the opinion that the petition should be granted.