[Crim. No. 2860.   First Dist., Div. Two.   Feb. 10, 1953.]

THE PEOPLE, Respondent, v. EARL FOSTER et al., Appellants.

C. L. Shinn for Appellants.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Wallace G. Colthurst, Deputy Attorney General, for Respondent.

DOOLING, J.—Two defendants, Foster and Phillips, appeal from a conviction of possession of narcotics (Health & Saf. Code, § 11500) and from the order denying their motions for new trial. Three defendants were tried jointly, the jury returned verdicts of guilty against all three but the trial court granted the motion for new trial of the third defendant, Dabney.

On December 22, 1951, two police officers of the city and county of San Francisco at about 1 o'clock a. m. observed a La Salle automobile in which the three defendants were riding and followed it because of a suspicion that it had been used in the commission of thefts from other automobiles. They flashed the red light on their patrol car and sounded the siren thereby causing Dabney, who was driving the La Salle, to bring it to a stop. As one of the officers was alighting from the patrol car he saw a small object come from the right front window of the La Salle and fall to the street. This proved to be a narcotic user's outfit, consisting of an eyedropper fitted with a hypodermic needle, and 1½ grains of heroin, wrapped in a small piece of paper held in place by a rubber band. Upon questioning, all three defendants denied any knowledge of the package and its contents.

All three defendants were riding in the front seat; Dabney driving the car, Foster in the middle and Phillips on the right side. The officers saw all three defendants moving about in the car but did not see any of the three make any throwing motion. All three both before trial and on the witness stand denied any knowledge of the packet containing heroin and

each denied that he had thrown it from the car or seen anything thrown from the car by either of the others.

In this state of the record it is perfectly clear that one, if not more, of the defendants was guilty of the possession of the heroin, the problem presented by the record being whether the State proved facts sufficient to justify the jury's finding that either Foster or Phillips was the guilty person or, as it actually found, that both were guilty.

Mere presence at the scene of the crime standing alone is not sufficient to justify a finding of guilt. (*People* v. *Le Grant*, 76 Cal.App.2d 148, 153 [172 P.2d 554].) The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433].)

To show such knowing possession the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient. (*People* v. *Gory, supra*, 28 Cal.2d p. 456; *People* v. *Bigelow*, 104 Cal.App.2d 380 [231 P.2d 881]; *People* v. *Rumley*, 100 Cal.App.2d 6 [222 P.2d 913]; *People* v. *Torres*, 98 Cal.App.2d 189 [219 P.2d 480]; *People* v. *Sinclair*, 129 Cal.App. 320 [19 P.2d 23].)

Against Phillips the People argue that sitting where he was he must have seen the object thrown from the window if he did not throw it himself and therefore his denial of all knowledge of it is sufficiently inculpatory. We cannot agree that any person should be convicted of a crime on such a tenuous theory. The defendants were all moving around in the seat, their attention had been attracted to the police car behind them and a tightly wrapped eyedropper is a very small object. To infer guilty knowledge in Phillips from the fact, standing alone, that he testified that he did not see the package thrown from the car would be to permit a conviction on the wildest sort of surmise and conjecture.

The case against Foster is stronger. He testified very positively both on direct and cross-examination that the right front window out of which the officers saw the package thrown was tightly closed and that he was positive of this fact because the night was cold. The next day he changed this testimony with the explanation that he had been confused by the prosecutor's questions and manner. The trial judge remarked that he had observed no evidence of confusion and this remark was not challenged or objected to. The record indicates no evidence of confusion and the first testimony

that the window was closed was brought out by Foster's own attorney on direct examination.

We cannot say that the jury was not entitled to conclude that this defendant first testified falsely that the window was closed in an attempt to disprove the possibility of the package's having been thrown from the window and later, for whatever reason, decided to correct this testimony to tell the truth. From this clumsy attempt to manufacture a defense the jury might reasonably infer the guilty knowledge necessary to find that Foster was the one of the three defendants who had possession of the heroin. (*People* v. *Torres, supra,* 98 Cal. App.2d 193.)

The jury's finding all three guilty suggests that they did not clearly understand the quantum of proof required to fix guilt upon any particular defendant, but our function ends when we find evidence sufficient to support the verdict as to any defendant. (8 Cal.Jur. 586-587.)

The judgment and order denying a new trial are affirmed as to appellant Foster and reversed and remanded as to appellant Phillips.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied February 25, 1953, and respondent's petition for a hearing by the Supreme Court was denied March 9, 1953. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.