[Civ. No. 19264. Second Dist., Div. Three. Mar. 13, 1953.]

THE PEOPLE, Respondent, v. ONE 1951 MERCURY 2-DOOR SEDAN, 1951 LICENSE NO. 5 S 9505, Defendant; MARSHALL THEUS et al., Appellants.

Walter Lear Gordon for Appellants.

Edmund G. Brown, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

SHINN, P. J.—This is an appeal by the registered owners from a judgment forfeiting their automobile upon findings and conclusion that it was used unlawfully to conceal, convey, carry and transport marijuana. (Health & Saf. Code, § 11610.) They challenge the sufficiency of the evidence to support the findings.

■ Marshall Theus and Louise Theus were the registered owners; J. E. Coberly, Inc. was the legal owner as the holder of a conditional sales contract having an unpaid balance of $886.99. Arthur Theus, 18 years of age, son of Marshall and Louise Theus, was driving the car in the City of Los Angeles when it was stopped by the police about 10:30 p.m. Marcus Woods, 19 years of age, was sitting at the right of Theus; two other passengers were in the rear seat. Theus was searched by the officers, who found brown cigarette papers in his pocket but no maijuana. Woods was searched and five marijuana cigarettes wrapped in brown paper were taken from inside his sock. Several marijuana seeds were found in the seat to the right of Woods. Theus denied all knowledge of the presence of the marijuana. He had an orchestra and had known Woods for about five years, the latter being a member of the orchestra. They had been driving around during the evening professedly looking for engagements for the orchestra. The question is whether the foregoing facts furnish substantial circumstantial evidence that young Theus had knowledge that Woods was in possession of the maijuana cigarettes and seeds. If he had such knowledge it would be imputable to his parents, who trusted him with the car. The evidence, in our opinion, was clearly insufficient. From the presence of brown cigarette papers in Theus' pocket it was reasonable to infer that he smoked cigarettes. Many good citizens smoke hand-rolled brown paper tobacco cigarettes and it has not heretofore been regarded as hazardous to have cigarette papers in one's pocket. Young Theus testified that he used Birdseye cigarette tobacco which he had left at home and that he had never smoked marijuana. He made no contradictory or inconsistent statements. No marijuana seeds were found around the driver's seat. Woods testified that Theus had no knowledge of the presence of the cigarettes. The evidence, as a whole, created no more than a suspicion that Theus might have known that Woods had the cigarettes hidden in his sock. Nothing was concealed in the car itself, nor was there any evidence as to the purpose of Woods in possessing the cigarettes, whether they were intended for sale or for personal use. ■ An inference of knowledge on the part of the owner or entrustee may be drawn from the presence of a narcotic hidden in a car which is in the possession of the owner or entrustee (*People* v. *One 1949 Cadillac Conv. Coupe,* 113 Cal.App.2d 115 [247 P.2d 848], but no such inference may be drawn from the mere

fact that a passenger has a narcotic hidden upon his person.

If the evidence in this case were held sufficient to establish guilty knowledge upon the part of Theus it would impose upon drivers of automobiles a responsibility for the actions of their passengers beyond all reason. It would furnish a precedent for a finding of guilty knowledge upon "the wildest sort of surmise and conjecture." *People* v. *Foster*, 115 Cal. App.2d 866 [253 P.2d 50].)

The attempted appeal from the order denying motion for new trial is dismissed. The judgment is affirmed insofar as it awards a lien to J. E. Coberly, Inc., and reversed as to Marshall Theus and Louise Theus.

Wood (Parker), J., and Vallée, J., concurred.