[Crim. No. 7088.   Second Dist., Div. Two.   Oct. 25, 1960.]

THE PEOPLE, Respondent, v. GEORGE PRIETO ORTIZ et al., Defendants; RAYMOND SALVADOR GOMEZ, Appellant.

Ellery E. Cuff, Public Defender, Daniel R. Finn and Richard W. Erskine, Deputy Public Defenders, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David R. Cadwell, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant Raymond Gomez and five other persons were charged with a violation of section 11500 of the Health and Safety Code, possession of marijuana. After a nonjury trial, appellant Gomez, and his codefendant Fraijo, were found guilty. The other four defendants were found not guilty. This appeal is from the judgment of conviction and from the order denying appellant's motion for new trial. The sole question presented is whether the evidence is sufficient to sustain the judgment of conviction as to appellant. We have concluded that this question must be answered in the affirmative.

At approximately 11:45 p. m. on September 4, 1959, appellant Gomez and five codefendants were sitting in a 1950 Chevrolet sedan which was parked in front of 2421 Chelsea Street, Los Angeles. Earlier that evening police officer Celaya and a fellow officer had responded to a call reporting a juvenile disturbance in the 2400 block of Chelsea Street. They had been advised to be on the lookout for vehicles containing several male persons who were members of different gangs and who were looking for a fight.

Observing the parked Chevrolet with six male persons sitting in it, the officers approached it to investigate. They observed that three persons were seated in the front seat and three others in the rear seat. The persons occupying the rear seat were one Ortiz, who was seated on the left side, one Fraijo, who sat in the middle, and appellant Gomez who was seated on the right. Directing his flashlight beam on the floor board of the rear compartment, Officer Celaya observed a plastic bag containing a small quantity of a green, leafy substance, which was later identified as containing marijuana. The plastic bag was resting on the floor between the feet of Ortiz. Officer Celaya asked Ortiz what was lying between his feet; Ortiz replied that he did not know what it was, but Gomez stated, ''That's fiber glass, man.'' Later Officer Celaya

observed two brown paper-wrapped cigarettes lying on the street between the right side of the Chevrolet and the curb. The evidence showed that these cigarettes contained marijuana. The officers asked all the defendants, including Gomez, concerning the ownership of the Chevrolet. All the defendants at that time pretended lack of knowledge as to the ownership of the car. Later at the police station, however, Fraijo admitted that the Chevrolet was his. There was evidence that Gomez knew that the Chevrolet belonged to Fraijo.

Appellant seeks to invoke the rule that the mere fact that a defendant was in a car in which marijuana was found or from which a narcotic was thrown is not sufficient in itself to convict the defendant where there were several persons in the vehicle. It may be granted that appellant's statement of the rule is correct. (*People* v. *Foster,* 115 Cal. App.2d 866, 868 [253 P.2d 50]; *People* v. *Hancock,* 156 Cal. App.2d 305, 309 [319 P.2d 731].)

However, in the instant case there is other evidence from which the trial judge could reasonably draw inferences of appellant's constructive possession and his guilty knowledge of the narcotic character of the substance involved. Appellant made two statements to the investigating officers which were admittedly false: first, he declared unequivocally that the substance in the bag found on the floor of the car was fiber glass; and secondly, he falsely pretended a lack of knowledge as to the ownership of the Chevrolet. It was for the trial judge to determine whether these false statements indicated a consciousness of guilt. Since the evidence showed that Gomez had been with the other defendants throughout the evening, and that the bag of marijuana was lying in plain sight on the floor of the car, the trial judge could reasonably conclude that appellant purposely had sought to mislead the officers as to the nature of the bag's contents. Additionally, there was evidence that marijuana cigarettes were found near the right side of the vehicle and in close proximity to appellant's position as he sat in the vehicle.

It is well settled that to prove possession and guilty knowledge, it is not necessary that the narcotics be found on the person of the accused. (*People* v. *Stanford,* 176 Cal.App. 2d 388, 390 [1 Cal.Rptr. 425]; *People* v. *Henderson,* 121 Cal. App.2d 816, 818 [264 P.2d 225]; *People* v. *Noland,* 61 Cal. App.2d 364, 366 [143 P.2d 86].) Moreover, as stated in *People* v. *Foster, supra,* 115 Cal.App.2d 866, 868: "To show such knowing possession the conduct of the parties, admissions

or contradictory statements and explanations are frequently sufficient.''

The facts of the instant case are somewhat similar to those presented in *People* v. *Torres,* 98 Cal.App.2d 189 [219 P.2d 480]. In that case the appellate court used the following pertinent language in holding the evidence sufficient to sustain a judgment convicting the appellant of possession of marijuana: ''In the instant action the marihuana was found on the front seat of the car in which all defendants were riding. The question whether the defendants knowingly had possession of it was a factual question for the trial court to determine. The statute (Health & Saf. Code, § 11160) does not require proof that the accused had the unlawful articles on their persons. The fact that 'possession' of the narcotics was immediate and exclusive and under defendants' dominion and control was sufficiently established by the evidence. Where the circumstances in evidence are such as would reasonably justify an inference of guilt, and the court so found, the fact that an inference of innocence might also just as reasonably have been predicated on such circumstances does not present a question of law reviewable by an appellate court.'' (P. 193.)

Affirmed.

Fox, P. J., and Ashburn, J., concurred.