[Crim. No. 7510.   Second Dist., Div. One.   Dec. 1, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. PERCY CLYDE WALLACE, JR., Defendant and Appellant.

Harry E. Weiss for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Douglas MacRae, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Appeal is taken from a judgment of conviction of possession of marijuana.

The People's case, based upon the testimony of Officer

Kennedy, discloses the following. Around 2:15 a. m. Officer Kennedy and his partner observed defendant's car proceeding over the speed limit west on Adams Boulevard; they followed the vehicle and saw it turn north, increase its speed to 50 miles per hour and weave back and forth from both lanes crossing the double white line; they then turned on the spot light and red light and pursued the car west on Washington Boulevard. Kennedy saw defendant, the driver of the vehicle, turn his head toward the middle of the car, at which point was a rear-view mirror. The red light and spot light were on for about four blocks during which time Kennedy's partner moved the red light back and forth across the back of defendant's vehicle. As defendant turned north onto Dunsmuir the officers were about 40 feet behind and Kennedy observed two packages thrown from the driver's side of the vehicle land in the middle of the street. No other vehicles were on the street at the time. The officers immediately stopped to pick up the two packages and then proceeded to apprehend defendant who was about 250 feet ahead. The window on the driver's side of defendant's car was half way down and defendant was the sole occupant. One of the packages thrown from the vehicle was a zigzag package containing wheat cigarette papers, the kind used for rolling marijuana cigarettes; the other contained two ounces of marijuana wrapped in a piece of newspaper. Defendant told the officers he had "been drinking some" and when asked what the articles he had thrown from the car were, defendant answered, "I don't know what you are talking about. I didn't throw anything from the car"; whereupon Kennedy opened the package containing the marijuana in the presence of the defendant.

At the trial, defendant testified he had a few drinks that evening. He did not recall the police car behind him immediately prior to the intersection, but admitted that just before he turned on Dunsmuir he saw it and the red light 40 feet behind and knew he was being pursued but did not stop because he was afraid of being arrested for drinking. He denied having zig zag cigarette papers and marijuana in his car at the time, and did not "recall" throwing anything out of his car.

Appellant claims there is in the record no evidence of knowledge of the narcotic character of the marijuana, relying upon *People* v. *Redrick*, 55 Cal.2d 282 [10 Cal.Rptr. 823, 359 P.2d

255]; *People* v. *Foster,* 115 Cal.App.2d 866 [253 P.2d 50] and *People* v. *Bledsoe,* 75 Cal.App.2d 862 [171 P.2d 950].

It has long been the rule, as set forth in *People* v. *Redrick,* 55 Cal.2d 282 [10 Cal.Rptr. 823, 359 P.2d 255], "that to establish unlawful possession of narcotics it must be shown that the accused exercised dominion and control over the drug with knowledge of its presence and the narcotic character." (P. 285.) (*People* v. *Winston,* 46 Cal.2d 151 [293 P.2d 40]; *People* v. *Gorg,* 45 Cal.2d 776 [291 P.2d 469]; *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433].) In discussing the circumstances permitting the inference that defendant manifested consciousness of guilt of the presence of the narcotic, the court in the *Redrick* case, *supra,* relied on the rule on appeal that "The credence and ultimate weight to be given the evidence of the various particular circumstances are of course for the trier of fact, and 'It is the trier of fact, not the appellate court, that must be convinced of the defendant's guilt beyond a reasonable doubt. . . .' (*People* v. *Robillard* (1960), *ante,* [55 Cal.2d] pp. 88, 93 [1, 2] [10 Cal.Rptr. 167, 358 P.2d 295].)" (P. 289.) Thus, in the case at bar, giving the circumstances surrounding the pursuit and apprehension of defendant all the legal effect toward guilt to which they are entitled, the evidence more than justifies the trial court's implied finding that defendant had the marijuana in his possession in the automobile, knew of its illegal character and attempted to dispose of it before being apprehended by police.

At the outset, it is obvious that the trial court, in the exercise of its duty to determine the credibility of the witnesses, weigh the evidence and resolve any factual conflicts, accepted the testimony of the police officer and rejected the defendant's denial that he threw anything from his automobile or had the narcotic in his possession in the car. That it was the defendant who threw the package containing the marijuana from the moving vehicle is clearly shown from the testimony of Officer Kennedy who saw two objects—the newspaper-wrapped package containing the narcotic, and the package of wheat cigarette papers—thrown from the driver's side of the vehicle and land in the middle of the street, observed the window on the driver's side of the car to be half way down and defendant, the driver, to be alone in the automobile, and saw no other vehicle in the street at the time. That defendant knew the criminal nature of the contents of the newspaper-wrapped package is equally clear from the circumstances under which

he threw it from the moving vehicle, based upon his own testimony as well as that of the officer. Just prior thereto defendant was being pursued by police and it was almost a certainty he would be stopped. Moreover, this he must have known, for after being followed for some distance he increased his speed and made several turns; he likely observed the police car behind him through the rear vision mirror when he turned his head to the middle of the car; and he no doubt saw the officers' red light, which was being swept back and forth across the back of his vehicle for some four blocks. Further, defendant admitted at the trial that he knew he was being pursued by police and just before turning on Dunsmuir saw the police car and red light 40 feet behind, but did not immediately stop. It was when the officers were almost to the point of apprehending him and he realized he could no longer evade the police, that defendant threw the packages from the car; knowing he was about to be stopped, he attempted to rid himself of the narcotic and the incriminating cigarette papers, that they would not be found in his possession.

Appellant can take little comfort from *People* v. *Foster*, 115 Cal.App.2d 866 [253 P.2d 50], and *People* v. *Bledsoe*, 75 Cal.App.2d 862 [171 P.2d 950]. In the *Foster* case, *supra*, officers pursued an automobile in which three persons were riding in the front seat; defendant was seated on the extreme right; and one of the officers saw a small object containing a narcotic outfit and one and one-half grains of heroin come from the right front window and fall to the street. The court held that the record did not show sufficient facts to justify the finding that either the defendant or the man in the middle, or both, were guilty; however, it directly stated that it was perfectly clear that one, if not more, of the three was guilty of possession of heroin (p. 867). The question was, who among the three threw the article from the window. In the case at bar no such query could arise because defendant was alone in the automobile and if, as the trial court believed, the package came from the vehicle, it must have come from the defendant. Nor do the facts in *People* v. *Bledsoe*, 75 Cal. App.2d 862 [171 P.2d 950], bear semblance to the case before us. There marijuana was found stuffed behind a seat cushion in defendant's car after it had been stolen and used in a robbery. The court refused to uphold the conviction of possession because there was insufficient evidence of knowledge of the presence of the narcotic.

Facts even less compelling than those at bar were held to support a conviction in *People* v. *Berti,* 178 Cal.App.2d 872 [3 Cal.Rptr. 51], and *People* v. *Simmons,* 118 Cal.App.2d 238 [257 P.2d 749]. In each case defendant was not alone in the vehicle but one of several occupants, a package containing marijuana was thrown from the automobile, and the window nearest the location from which it came was partially open. In each, the court held that the trier of fact was warranted in drawing the inference that defendant whose window was the only one open on that side of the car, threw the marijuana from the vehicle and was in possession of it with knowledge of its narcotic nature.

Although defendant herein testified he had no marijuana in his car and did not ''recall'' throwing anything out of the automobile, we cannot say upon the record before us, which discloses a police pursuit, defendant to be the sole occupant of the vehicle and the window on his side partially open, that the trial judge was not justified in drawing the inference that defendant had the marijuana in his possession with knowledge of its unlawful character and threw it out of the car to rid himself of the incriminating evidence.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.