[Crim. No. 2452.    Fourth Dist., Div. One.    Oct. 5, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. GREGG CHARLES HOKUF, Defendant and Appellant.

Rose, Klein & Marias and Jerrold A. Bloch for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—A jury found defendant guilty of possession of marijuana. (Health & Saf. Code, § 11530.) The appeal is from the order granting probation. A codefendant who drove the car in which defendant was riding at the time of his arrest also was found guilty.

## FACTS

At 12 o'clock midnight, defendant was a passenger in an auto pursued by the police for failing to halt at a stop sign. After the officer turned on a red light and sounded the horn, he observed defendant sit high in his seat "in a reclining position," look back over his shoulder at the police vehicle, and appear to stuff something in his shirt; the officer observed the driver reach down with his right hand toward the floorboard of the car.

After continuing for two blocks, the vehicle finally stopped; the driver emerged and approached the officer; while moving with the driver to the sidewalk the officer observed a small package fall from the driver's person. This package was found to contain a drug called "seconal." During a weapon search of defendant, a similar package containing seconal was found within his clothing in the area of the crotch.

The vehicle was then searched with the consent of the driver. The officer noted inside the vehicle the smell of burned marijuana. An unsmoked cigarette was found with half of its length protruding from under the carpet between the driver and passenger seat near the fire wall of the auto. The driver, when questioned about the package of seconal which had dropped from his person, stated that he did not know anything about it; that he had for about two years smoked marijuana; denied ownership of the cigarette; and stated he had not smoked marijuana for two days past.

Defendant, at the police station, stated that he did not know anything about the seconal tablets found on his person; that he had not put them where they were found and had no idea how they got there; that he did not know anything about the cigarette and that it was not his.

Defendant's clothing was examined. Traces of marijuana

were found in the front pockets of his trousers and in the pocket of his shirt. The fragments found in the shirt pocket had been washed, indicating that they had been laundered with the garment itself. The particles of leaf totalled 11 in number, and there was one seed.

Defendant stated that he had known his codefendant for about two years; that he and his companion had come from Los Angeles County that night and were looking for a yacht in Newport Bay in which there was a party going on.

Defendant, before being questioned or making a statement, was advised of his right to counsel and to remain silent. The trial was held on October 25, 26 and 27, 1965.

## Contentions on Appeal

1. The evidence was insufficient to support a finding of guilt of the knowing possession of the cigarette.

2. A finding of guilt could not be based upon the possession of the fragments found in defendant's clothing.

3. The jury should have been instructed that they must all agree on either the possession of the fragments or the possession of the cigarette or possession of both in order to find defendant guilty of possessing marijuana.

## Defendant's First Contention

The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence and nature of the narcotic substance. (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433].) To show such knowing possession, the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient. (*People* v. *Foster*, 115 Cal.App.2d 866, 868 [253 P.2d 50]; *People* v. *Ortiz*, 185 Cal.App.2d 622 [8 Cal.Rptr. 494].) The possession may be joint. (*People* v. *Rodriquez*, 181 Cal.App.2d 34, 37 [4 Cal.Rptr. 877]; *People* v. *Romero*, 161 Cal.App.2d 404 [327 P.2d 205].)

In the instant case, a reasonable inference might be drawn that the hand and arm motion of defendant to the front of his person encompassed the passing of the cigarette to his companion who then partly secreted it under the floor covering.

The presence in defendant's pockets of marijuana fragments, some of which had been laundered, supplies basis for an inference that defendant knew of the narcotic nature of the cigarette.

■ Taken with defendant's incredible denials of knowledge of the presence on his person of the seconal tablets, the other evidence was sufficient to support the verdict of possession of the cigarette.

### DEFENDANT'S SECOND CONTENTION

Defendant could not have been found guilty based only on the presence in his pockets of the few small fragments of marijuana found there. (*People* v. *Leal,* 64 Cal.2d 504 [50 Cal. Rptr. 777, 413 P.2d 665].)

### DEFENDANT'S THIRD CONTENTION

The information charged defendant in the language of the statute with possession of marijuana. The evidence showed a possible possession of a marijuana cigarette and actual possession of fragments of marijuana debris. The marijuana in the cigarette was in sufficient quantity to afford a basis for conviction; the debris was insufficient in quantity for that purpose. (*People v. Leal, supra,* 64 Cal.2d 504.)

■ Evidence as to possession of the debris was admissible for the purpose of permitting an inference of knowledge of the narcotic character of the cigarette.

■ Defendant, however, did not, at the time the debris was received in evidence, nor later, request an instruction as to the limited purpose for which the evidence might be considered. The court, in the absence of a request, was not required to give an instruction limiting the purposes for which the evidence could be considered. (*People* v. *Holbrook,* 45 Cal.2d 228, 233 [288 P.2d 1]; *People* v. *James,* 40 Cal.App.2d 740, 746 [105 P.2d 947].)

Error cannot, therefore, be predicated upon the court's failure, of its own motion, to instruct as to the limited purpose for which the evidence might be considered.

■ Defendant's contention is that the court should have directed the jury that in order to convict, all must agree that defendant was guilty of possession of the cigarette, or all must agree that he was guilty of possession of the fragments, or all must agree that he was guilty of possession of both cigarette and fragments. The giving of such an instruction would have been error because a conviction may not be based upon possession of minuscule fragments of debris alone, which are not sufficient for use as a narcotic. (*People* v. *Leal, supra,* 64 Cal.2d 504.)

We need not decide whether, if the marijuana found on defendant's person had been sufficient in quantity, such an

instruction should have been given under the authority of such cases as *People* v. *Scofield,* 203 Cal. 703 [265 P. 914].

Defendant's contention nevertheless poses this question: Should the court have instructed the jury that they might not find the defendant guilty based upon possession of the debris alone?

The other defendant requested, and the court refused to give, the following instruction: "There is testimony, if believed, that fragments of marijuana were found in the clothing of the defendants. The defendants are not being charged with possession of these fragments and may not be found guilty of possession of these fragments. This evidence was submitted for the limited purpose of such bearing it may have, if any, on the question of defendant's knowledge of marijuana and of the existence of the marijuana cigarette in the car. You are not permitted to consider these fragments for any other purpose."

The district attorney, in argument to the jury made before the jury was instructed, stated: "Additionally, there is nothing to contradict the testimony of the criminalist who found fragments of marijuana in the pockets of both defendants.

"Now, conceivably, they had the knowledge of the presence and narcotic nature of those fragments. That alone would constitute possession of marijuana for which they could be guilty."

Defense counsel, in argument, stated: "Could you even see these fragments to know you had possession? If you could, could you know what they are? It took a microscope and a specialist to analyze them. Can he be found guilty of possession of these fragments, knowledge, knowing of possession of them? I don't believe so. I think it is pushing a little hard to convict this boy of knowledge of the fragments."

Prior to the making of the order granting probation, defendant's motion for a new trial was argued and denied. In presenting his argument, defense counsel emphasized that the jury possibly had based its verdict solely upon possession of the marijuana debris and that such a conviction should not stand.

In reply, the district attorney stated: ". . . it is my recollection that I did not urge the jury to convict on fragments alone. I pointed out that theoretically, it was possible . . ."

It is clear from all the foregoing that there became evident before the case was submitted to the jury the serious problem

whether the jury might properly find defendant guilty solely upon his possession of the marijuana debris. " ' [T]he rule is usually stated to be that the court has a duty to give instructions on the general principles of law governing the case, even though not requested by the parties, but it need not instruct on specific points developed at the trial unless requested. . . .

" 'The most rational interpretation of the phrase "general principles of law governing the case" would seem to be as those principles of law commonly or closely and openly connected with the facts of the case before the court.' " (*People* v. *Bevins,* 54 Cal.2d 71, 77 [4 Cal.Rptr. 504, 351 P.2d 776].) (See also *People* v. *Piangenti,* 235 Cal.App.2d 850, 853 [45 Cal.Rptr. 538]; *People* v. *Longino,* 222 Cal.App.2d 734, 738 [35 Cal.Rptr. 367]; *People* v. *Failla,* 64 Cal.2d 560, 565 [51 Cal.Rptr. 103, 414 P.2d 39].)

It would be of no value to attempt to analogize for factual similarities between the case at bench and those cases in which it has been held reversible error for the court to fail to give on its own motion a necessary instruction. ■ The guiding rule is stated thus:

" 'The circumstances of the case determine whether the failure to instruct the jury constitutes prejudicial error.' " (*People* v. *Baker,* 42 Cal.2d 550, 576 [268 P.2d 705].)

■ Where the evidence is such that a jury might have based its verdict of guilty solely upon possession of a quantity of a narcotic so minute as to lack as a matter of law any potential for narcotic use, the court has the duty to instruct the jury that they may not base a finding of guilt on the sole possession of such minute quantity. Such an instruction should have been given in the case here, in view of the evidence, the arguments of counsel, and the presentation of the question to the court by way of the instruction requested, although not requested by defendant.

The judgment is reversed.

Brown, P. J., and Coughlin, J., concurred.