[Crim. No. 11870.   Second Dist., Div. Four. Jan. 16, 1968]

THE PEOPLE, Plaintiff and Respondent, v. BILLY CHARLES PRESCOTT, Defendant and Appellant.

Molly H. Minudri, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lola M. McAlpin, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was tried by a jury and found guilty of two narcotics offenses, selling heroin (Health & Saf. Code, § 11501) and possessing it for purpose of sale (Health & Saf. Code, § 11500.5). The court denied a motion for new trial but reduced each offense to the lesser included offense of simple possession of narcotics (Health & Saf. Code, § 11500). Probation was denied and defendant was sentenced to prison. He appeals, contending the evidence is insufficient to support the judgment.

These facts were adduced: Working in an undercover capacity, Deputy Sheriff Rodriguez made the acquaintance of one Carlos Armijo and arranged to buy heroin from him. At about 11:30 a.m. on February 26, 1965, Rodriguez and another individual were picked up by Armijo and driven to the intersection of 102d Street and Doty Avenue. Armijo parked the car and Rodriguez passed him $50 of county-advanced funds. He took the money and walked west on 102d Street. Rodriguez and the individual with him remained in the car. Deputy Scriven, who had been following Armijo's car, kept Armijo under observation until he reached the 3800 block. Sergeant Elliott was staked-out on 102d Street in the 3800 block. He saw Armijo cross the street and proceed up a flight of stairs in an apartment building at 3821 West 102d Street. Elliott changed his vantage point, moving closer to the apartment building. He then observed defendant come out of apartment 6 at the top of the same stairs he had seen Armijo climbing about three minutes before. Defendant walked across the street and entered another apartment building, at 3818 West 102d Street. A few minutes later defendant walked back across to apartment 6. Almost immediately after defendant entered, the officer saw Armijo come out of apartment 6. Armijo proceeded back to the car in which Rodriguez was waiting. He handed Rodriguez a paper bindle which contained heroin.

On the evening of March 5, 1965, Deputy Sheriffs Morales and Berman went with several other officers to the apartment building at 3818 West 102d Street. They had a warrant to search apartment 7 at that location. The door of the apartment was opened to the officers by a Miss Essary. Inside defendant was observed seated in the dining area. Besides

defendant and Miss Essary, three other individuals were in the apartment. The search undertaken by the officers turned up 10 bindles of heroin in the bedroom dresser. Defendant was living with Miss Essary in the apartment. He was living there under the name Billy Essary. He did not appear to be a narcotics user.

Defendant offered no defense.

The judgment must be affirmed if the record presents substantial evidence that defendant was in possession of heroin on each of the two occasions described by the officers. The question whether the original verdicts finding defendant guilty of the two greater offenses of sale and possession for sale were proven, was rendered moot when the court reduced both offenses to simple possession.

█ The crime of possession of narcotics requires a physical or constructive possession of the narcotics substance plus an awareness of its presence and nature. (*People* v. *Hokuf*, 245 Cal.App.2d 394, 397 [53 Cal.Rptr. 828].) █ These essential elements may be established by circumstantial evidence and reasonable inferences which may be drawn from such evidence. (*People* v. *Valenzuela*, 174 Cal.App.2d 759, 762 [345 P.2d 270].) █ Exclusive possession of the contraband by the defendant need not be shown; the possession may be joint. (*People* v. *Rodriguez*, 181 Cal.App.2d 34, 37 [4 Cal. Rptr. 877].)

The evidence in this case shows that on February 26 the undercover officer made contact with an individual who agreed to sell him heroin. The individual took the officer's money and walked to apartment 6. After a few minutes defendant came out of that apartment and went across the street to apartment 7 where he was then living with a woman under an assumed name. A few minutes later he returned to apartment 6. The contact left apartment 6 immediately after defendant entered, walked back to where the undercover officer was waiting and handed him the bindle of heroin. Approximately a week later the officers, armed with a search warrant, conducted the search of defendant's apartment and discovered the 10 additional bindles of heroin in a dresser in the bedroom.

█ From these facts it may reasonably be inferred that defendant had given the contact the bindle of heroin which was subsequently delivered to the officer in the February 26 transaction. The evidence supports the conclusion that the contact had arranged to meet defendant in apartment 6 to

pick up the heroin; that defendant had gone across to his own apartment and returned with the amount of heroin the contact had ordered. Defendant's actions in conducting the transaction in apartment 6 rather than at his own nearby apartment indicate his awareness that the substance was narcotics.

That defendant was in possession of the 10 bindles of heroin found a week later when the officers searched apartment 7, may also be reasonably inferred. He lived in the apartment with but one other person. It had a single bedroom where the narcotics were found. He used an assumed name in dealing with the manager. His actions the week before may also be considered as indicating he knowingly possessed the 10 bindles of heroin. ▇ When, as here, the circumstances reasonably justify the findings of the trier of fact, the fact that they might also be reasonably reconciled with a contrary finding does not justify a reversal of the judgment. (*People* v. *Redrick,* 55 Cal.2d 282, 289 [10 Cal.Rptr. 823, 359 P.2d 255].)

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 13, 1968.