THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ALBERTO CRUZ ROSADO, Defendant and Appellant.

No. CR-68-43.    Decided June 27, 1969.

E. *Armstrong Watlington, Enrique Miranda Merced,* and *Julio García Antique* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The facts occurred in a place known as Tres Peñas in the Ward La Perla. At about ten feet from where appellant was, in a vacant and sandy lot, an agent observed him in the company of Rafael Claudio Hernández while both crouching were rummaging, trying to take something from a small black box that was between both of them. The agent came closer and at a distance of about one foot he noticed that outside the box and on the sand between both of them, there was a blue wrapper of the ones used to pack heroin. The agent seized the wrapper and the small box. Inside the small box there was a hypodermic needle, a dropper, and a smoked bottle cap. The needle was attached to the dropper. There was some powder in the wrapper. He searched both individuals and did not find anything on them connected with narcotics. To questions of the defense he testified that they had on their arms "not very recent" marks, as those which appear on the arms of those who inject themselves. The powder was analyzed and turned out to be heroin.

Alberto Cruz Rosado was convicted of possession. Since the heroin was not seized on his person he alleges that the evidence did not establish the offense.

In *People* v. *Pellot Pérez*, 92 P.R.R. 792 (1965) we stated:

"Appellant's position is that he was not in possession of the drug because 'in order to be in possession of something, one must be capable of executing some act of dominion over this.'

"[1, 2]  Apparently appellant believes that the possession punishable by the Narcotics Act is what the Civil Code calls 'civil possession,' and which consists in the holding of a thing by a person, joined to the intent of holding it as one's own. Civil Code, § 360; 31 L.P.R.A. § 1421. That is not the case. The Narcotics Act prohibits the mere possession or holding of the prohibited drugs, that is, what the Code calls 'natural possession.' This is so because the purpose of the Narcotics Act is not to regulate the property and the different ways of possessing a thing. The purpose of the Narcotics Act is to protect public

health, morals and safety, and its enactment responds to the State's duty to protect those values and to promote the general welfare. *Jenkins* v. *State,* 137 A.2d 115 (1957). In order to accomplish those purposes, the Act prohibits the possession and sale of narcotics, with the exceptions provided by law. *State* v. *Lee,* 382 P.2d 491 (1963).

"[3–5] Our § 29 makes no distinction, and the interim or temporary possession prohibited thereunder for the purposes of an illegal conveyance constitutes illegal possession. In the context of the Act, and with its purpose in mind, the words possession, transportation, and control of the prohibited drug should be understood in their common meaning. *State* v. *Richard,* 158 So.2d 828 (1963). Appellant's position attributing to the word possession used in the Narcotics Act the aforementioned technical concept of civil possession is not correct."

■ In the case at bar, though it is true that appellant did not have the physical possession of the drug—it was on the sand between defendant and the other person who accompanied him—both had the control thereof. It is not necessary to physically hold the drug in order to be guilty of the offense penalized by § 29 of the Narcotics Act. As stated by the Supreme Court of California in *People* v. *Showers,* 440 P.2d 939 (1968):

"Unlawful possession of narcotics is established by proof (1) that the accused exercised dominion and control over the contraband, (2) that he had knowledge of its presence, and (3) that the accused had knowledge that the material was a narcotic. (People v. Groom, 60 Cal.2d 694, 696, 36 Cal. Rptr. 327, 329, 388 P.2d 359, 361.)

.    .    .    .    .    .    .    .

"Possession may be actual or constructive. (E.g., People v. White, 50 Cal.2d 428, 431, 325 P.2d 985; People v. Prescott, 257 A.C.A. 960, 962, 65 Cal.Rptr. 366; People v. Hokuf, 245 Cal. App.2d 394, 397, 53 Cal.Rptr. 828.) The accused has constructive possession when he maintains control or a right to control the contraband. Possession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to his dominion and control.

(E.g., People v. Finn, 232 Cal.App.2d 422, 426, 42 Cal.Rptr. 704 (in defendant's bathroom); People v. Van Valkenburg, 111 Cal. App.2d 337, 340, 244 P.2d 750 (in defendant's mattress); People v. Noland, 61 Cal.App.2d 364, 366, 143 P.2d 86 (in a vase in defendant's room).) Even if the accused does not have exclusive control of the hiding place possession may be imputed if he has not abandoned the narcotic and no other person has obtained possession. (People v. Cuellar, 110 Cal.App.2d 273, 242 P.2d 694 (defendant buried the narcotic on a public playground covering the hiding place with leaves); People v. Bigelow, 104 Cal.App.2d 380, 385, 231 P.2d 881.) The accused is also deemed to have the same possession as any person actually possessing the narcotic pursuant to his direction or permission where he retains the right to exercise dominion or control over the property. (E.g., People v. White, supra, 50 Cal.2d 428, 431, 325 P.2d 985; People v. Blunt, 241 Cal.App.2d 200, 204, 50 Cal. Rptr. 440; People v. Graves, 84 Cal.App.2d 531, 534–535, 191 P.2d 32.)

"When the doctrine is applicable, the accused is deemed to have present constructive possession of the property even though he does not have actual possession."

■  We have seen that it is not necessary to have the physical possession of the drug. It suffices to have its control. Evidently, the two persons caught by the agent were preparing the dose of heroin they were going to use. The paraphernalia used for injecting the drug appeared. The hypodermic needle already attached to the dropper and the bottle cap. The deck of heroin was on the ground between the two persons caught. Both of them had scars on their arms, an indication that they used the drug. The fact that the drug was on the sand, between both of them, does not exempt them from responsibility. They had control of the same. See also: *State* v. *Hunt*, 370 P.2d 642 (Ariz. 1962); *Carroll* v. *State*, 368 P.2d 649 (Ariz. 1962); *Rideout* v. *Superior Court of Santa Clara County*, 432 P.2d 197 (1967); *People* v. *Groom*, 388 P.2d 359 (Cal. 1964); *People* v. *Patton*, 70 Cal. Rptr.

484 (Cal. 1968); *Petty* v. *People*, 447 P.2d 217 (Colo. 1968); *People* v. *Mack*, 145 N.E.2d 609 (Ill. 1957).

The error assigned not having been committed, the judgment should be affirmed.

Mr. Justice Santana Becerra concurs in the result.