[Crim. No. 15641. Second Dist., Div. Five. Dec. 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD MERMUYS, JR., Defendant and Appellant.

## Counsel

Herbert M. Porter for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**REPPY, J.**—Defendant and two other codefendants, Ackerman and Gouthier, were charged in an information with possession of marijuana

in violation of section 11530 of the Health and Safety Code (count I) and with possession of marijuana for sale in violation of section 11530.5 of the Health and Safety Code (count II). Motions under Penal Code sections 995 and 1538.5 were made and denied. Each defendant properly waived a trial jury and stipulated that the cause be submitted on the testimony contained in the preliminary hearing transcript[1] and some additional evidence to be offered in behalf of Ackerman and Gouthier. Defendant was found guilty of count I and not guilty of count II. Codefendants were found not guilty of both counts.[2] As to defendant, proceedings were suspended and probation was granted for three years, conditioned upon defendant serving the first 90 days in the county jail. Defendant appeals from the judgment (order granting probation).

On February 12, 1968, at 10 p.m. Los Angeles County Deputy Sheriffs Yturralde and Misch were traveling north on Topanga Canyon Road. At the corner of Topanga Canyon and Arteique Roads they observed a tan Corvette with Michigan license plates stopped at the intersection and facing south. As another car approached the Corvette from the rear, defendant, the driver of the Corvette, backed up. This forced the approaching car to swerve and pass the Corvette by pulling off on the right shoulder of the road. The Corvette then turned left and proceeded up Arteique Road. The deputies followed the Corvette up Arteique Road and turned on their flashing red lights intending to give defendant a traffic ticket for violating Vehicle Code section 22106 (unsafe backing along a public highway).

After both cars had stopped, Deputy Sheriff Misch, who was driving the patrol vehicle, alighted and began walking toward the Corvette. Defendant quickly exited from the driver's seat of the Corvette and met the deputy halfway between the two automobiles. Ackerman and Gouthier exited from the passenger side of the Corvette. Deputy Sheriff Misch asked defendant to exhibit his driver's license. Defendant could not produce it nor any personal identification. Deputy Sheriff Misch then asked defendant to produce the vehicle registration. Defendant replied that he could not because the car was not his but was owned by "a friend." Asked where the friend lived, defendant replied, "It's just a friend."

Based on the lack of personal and vehicular identification,[3] the three

---

[1] There were two separate preliminary hearings in this matter, one for Gouthier and Ackerman and one for defendant. However, at the trial in the superior court the stipulation entered into by the prosecution and defendant Mermuys was that the entire transcript covering both preliminary hearings would be considered as evidence.

[2] This came as a result of testimony which indicated that defendant had picked up Ackerman and Gouthier as hitchhikers sometime before the arrest.

[3] The license plate did not appear on the deputies' "hot sheet." The fact that the Corvette bore Michigan plates indicated that the officers would need to consult a national hot sheet not available to them at the time of arrest.

men were placed under arrest for grand theft (auto) and were immediately informed of their constitutional rights. Defendant indicated that he understood those rights. Then defendant stated to Deputy Sheriff Misch, "The car is stolen. I want you to know that."

Meanwhile, Deputy Sheriff Yturralde entered the Corvette from the passenger side to look for a registration certificate. He first looked at the steering wheel area but did not find it there. Then he noticed five wrapped packages, about brick size, in the compartment space behind the passenger's seat. Deputy Sheriff Yturralde noted that the wrapping of one of the bricks was partially opened at the corner, revealing a green leafy substance which appeared to him from his past experience to be marijuana. Defendant and both Ackerman and Gouthier were then arrested for possession of marijuana.

◼ Defendant contends that the marijuana was found as the result of an illegal search (Fourth Amendment violation) and should have been excluded as evidence. More specifically, defendant argues that the deputies did not have probable cause to arrest him for grand theft (auto) and thus there could have been no search incidental to such an invalid arrest. However, we find sufficient evidence in the record to indicate that the deputies did have probable cause to believe defendant had stolen the car.

First the deputies were justified in stopping the Corvette after they had observed its driver violate a provision of the Vehicle Code. (*People* v. *Odegard,* 203 Cal.App.2d 427, 431 [21 Cal.Rptr. 515]; *People* v. *Myles,* 189 Cal.App.2d 42, 46 [10 Cal.Rptr. 733]; *People* v. *Galceran,* 178 Cal. App.2d 312, 315 [2 Cal.Rptr. 901].) After stopping the Corvette, Deputy Sheriff Misch was justified in asking defendant to produce his driver's license and registration certificate (*People* v. *Odegard, supra,* at p. 431). When he could produce neither and could not identify the registered owner by name, the trier of fact could conclude that the deputies had probable cause to believe that defendant had stolen the vehicle. (*People* v. *Odegard, supra,* p. 431; *People* v. *Myles, supra,* at pp. 46-47.) The situation which confronted the officers in *People* v. *Upton,* 257 Cal.App.2d 677, 683 [65 Cal.Rptr. 103]; is quite similar to the setting in the instant case. In *Upton,* defendant's registration was nowhere in evidence, and the arresting officer knew that the last registered owner of the car was not the person who defendant claimed had loaned him the car.[4] Here there was also no evidence of registration and defendant told a similarly suspicious and evasive story about the true registrant. Before the search defend-

---

[4] See footnote 2 in *People* v. *Upton,* 257 Cal.App.2d 677 at pages 683-684 [65 Cal. Rptr. 103] for a compilation of cases illustrative of factual situations held sufficient to provide officers probable cause to believe a car had been stolen.

ant had stated that the car was stolen. This did not take away the right to search for indicia of the true ownership and for stolen personal property.

■ Defendant nevertheless alternatively maintains that, even if there was probable cause to arrest for grand theft (auto), the subsequent search conducted by Deputy Sheriff Yturralde was general and exploratory in nature, and was not specifically related to the offense for which the three occupants of the car had been arrested. Deputy Sheriff Yturralde testified that the purpose of his search was to discover some indicia of ownership within the vehicle. While Deputy Yturralde clearly stated the objective of his search, the transcript is not so revealing as to the means he used. However, the trial judge reasonably could have inferred that because of the relatively small spatial interior of defendant's car, the openness to view and access to the rear storage area, and the easily identifiable nature of the contraband therein, Deputy Yturralde, with a legitimate reason for being in the car, could see the contraband in plain view without beginning an exploratory search. (*People* v. *Superior Court,* 266 Cal.App.2d 685, 690 [72 Cal.Rptr. 261]; cf. *People* v. *Roberts,* 47 Cal.2d 374, 379 [303 P.2d 721].)

■ But, even if the trial judge had believed that Deputy Sheriff Yturralde had searched the entire car in order to locate indicia of ownership, and he had sustained the validity of the search on that basis, we could not overturn such a ruling. Such a search incidental and explicitly related to a grand theft (auto) arrest is permissible. As was stated by the court in *People* v. *Upton, supra,* 257 Cal.App.2d 677, 684: "Since [the arresting officer] had reasonable cause to suspect that defendant had stolen the vehicle, the officer had the right to search the vehicle and to open the suitcases therein in an attempt to ascertain the identity of the owner of the vehicle and to ascertain whether any valuables might have been stolen along with the car." (Cf. *People* v. *Webb,* 66 Cal.2d 107, 111-112 [56 Cal.Rptr. 902, 424 P.2d 342]; *People* v. *Robinson,* 62 Cal.2d 889, 894 [44 Cal. Rptr. 762, 402 P.2d 834]; *People* v. *Burke,* 61 Cal.2d 575, 580 [39 Cal. Rptr. 531, 394 P.2d 67].)

Finally, defendant contends that the prosecution as a matter of law failed to produce adequate proof to show that he had knowledge that marijuana was present in the vehicle. Again we cannot agree.

■ The crime of possession of narcotics requires a physical (on-the-person) or constructive (immediately accessible) possession with actual knowledge of the presence and nature of the narcotic substance. (*People* v. *Groom,* 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359]; *People* v. *Winston,* 46 Cal.2d 151, 158 [293 P.2d 40]; *People* v. *Gorg,* 45 Cal.2d 776, 780 [291 P.2d 469].) Under this definition the prosecution must show

something more than the mere presence of the illegal narcotic substance in a place in which defendant is found or to which he has access (*People* v. *Redrick,* 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Foster,* 115 Cal.App.2d 866, 868 [253 P.2d 50]). ■ Circumstantial evidence may be used to prove that defendant had knowledge of the presence of the contraband and of its illicit character. (*People* v. *Finn,* 232 Cal.App.2d 422, 426 [42 Cal.Rptr. 704]; *People* v. *Roberts,* 228 Cal.App.2d 722, 728 [39 Cal.Rptr. 843]; *People* v. *Ortiz,* 185 Cal.App.2d 622, 624 [8 Cal.Rptr. 494].) These circumstances are generally acts or declarations which indicate a "consciousness of guilt" on the part of the defendant (*People* v. *Redrick, supra,* 55 Cal.App.2d 282, 287-288; *People* v. *Ortiz, supra,* at p. 624).

■ In the instant case we find five circumstances which indicate defendant's knowledge of the presence of contraband: (1) When stopped, defendant exited rapidly from the car. This suggested that he knowingly had something in the car which he did not wish the deputies to see. (2) Defendant apparently lied to the deputies when he insisted that he had stolen the car;[5] this can be taken as an attempt to divert a search for a registration slip which would have uncovered the marijuana. (3) Defendant admitted that he had picked up Ackerman and Gouthier as hitchhikers; this increased the likelihood that the contraband belonged solely to him. (4) Defendant was the driver of the car; this would support the proposition that he would know what was contained within its storage area. (5) The marijuana was not disguised[6] but was packed in bulk form and was situated in such a way that the green leafy substance in one of the packages was immediately visible to Deputy Yturralde; the conclusion from these circumstances is unavoidable that defendant could not have helped knowing of its presence.

As was aptly stated by the court in *People* v. *Roberts, supra,* 228 Cal. App.2d at p. 728: ". . . [T]here were circumstances from which the jury could reasonably infer knowledge of defendant of the presence of the bindle and hence constructive possession. . . . *Taken alone,* none of the circumstances was in itself sufficient to support the conviction, but *taken together* they were." (Italics added.) We hold from the multiple circumstances present in the instant case that there was sufficient evidence to allow the trial court to conclude that defendant did in fact knowingly

---

[5]There are inferences in the record that defendant did not in fact steal the Corvette. He was not charged by information with grand theft (auto).

[6]E.g., packed in conventional cigarette wrappings (see *Rideout* v. *Superior Court,* 67 Cal.2d 471, 477 [62 Cal.Rptr. 581, 432 P.2d 197] (dissenting opinion)).

possess the marijuana which was found in the Corvette he was driving. (*People* v. *Redrick, supra,* 55 Cal.2d 282, 284.)

The judgment is affirmed.

Kaus, P. J., and Aiso, J., concurred.