[Crim. No. 21429. Second Dist., Div. Five. Sept. 22, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
JACQUELYN SUE FISHER, Defendant and Appellant.

## COUNSEL

Clifford Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, James H. Kline and Douglas B. Noble, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.** — Defendant and a codefendant, Thomas King,[1] were charged in count I of the information with possession of benzedrine and in count II with possession of seconal, both in violation of section 11910 of the Health and Safety Code. Defendant pleaded not guilty and waived her rights to a jury trial and to confront and cross-examine the witnesses who had testified at the preliminary hearing. The cause was partially submitted on the preliminary hearing transcript, with all parties introducing additional evidence. The court found both defendant and King guilty on each count. Defendant was sentenced to one year in county jail. Sentence was suspended and defendant was placed on three years' summary probation, subject to payment of a $250 fine. The appeal is properly from the judgment and order granting probation.

At about 3:15 a.m., March 28, 1971, Deputy Brown of the Los Angeles Sheriff's Department observed a vehicle traveling on the freeway at 40 miles per hour in a 65 mile-per-hour zone. The vehicle was weaving between the dotted lines of the number 3 lane, although it did not cross over those lines. Traffic was moderately heavy at the time. Brown signaled the vehicle to pull over. The car continued to drive for a half mile. Brown activated his spotlight and illuminated the vehicle ahead of him. He saw numerous people and a lot of movement inside the vehicle. It moved to the shoulder of the road and continued traveling another three-fourths of a mile before it finally stopped.

About 100 yards before the car stopped, Brown observed two arms extended out the right rear window of the car. One arm was clad in a suede type fabric; the other arm was bare. Two objects were thrown from the car at that moment, one from each of the extended hands. One of the objects appeared reddish in color. Brown could not recall if the suede-clad arm dropped the reddish colored object. Brown's vehicle was about 5 feet behind the subject vehicle at the time the objects were thrown. He had no difficulty observing the throwing motion.

---

[1]Not a party to this appeal.

Brown approached the vehicle after it stopped and observed a total of five persons in it. The driver, Mr. Leong, and a Miss Sterling were in the front seat. A Mr. Bonne was in the left rear seat, defendant was in the center of the rear seat, and King was in the right rear seat. Bonne was wearing some type of fur coat; defendant was wearing a suede coat; King was wearing a suede vest and his arms were bare.

Deputy Lambrecht was Brown's partner on the night in question. Lambrecht was the passenger in the sheriff's car. He too observed movement in the car defendant was riding in before it stopped. It appeared to Lambrecht that the passengers in the rear center and rear right-hand seats shifted over to the right side of the car. Then he saw the two arms extend out of the vehicle. Both of the arms were out at the same time. One of the arms was bare, the other was clad in a light brown or tan colored jacket. Lambrecht saw two objects flying from the extended hands. He was not sure which hand the objects came from, but he did not see more than one object in either hand. Lambrecht watched the objects and saw them come to rest on the ground. After the sheriff's car stopped, Lambrecht retrieved the two objects which had been thrown from the car: one plastic bag containing benzedrine tablets and another containing seconal.[2]

Jamiel Leong testified[3] that he was driving the subject car. He identified a long-sleeved shirt, Defendant's Exhibit A, as the one King was wearing at the time of the arrest. He recalled that the sleeves were rolled down and buttoned. Defendant was wearing a brown suede jacket. Robin Sterling was seated in the front passenger seat. She was wearing a blue corduroy coat. Leong did not see anyone in the car stick their arms out the window.

King testified in his own behalf that he was wearing a long-sleeved shirt at the time of his arrest and that the sleeves were rolled down and buttoned. He further testified that the right rear window was rolled up at the time he got into the car. He never opened it nor was it ever opened by anyone else. He never put his arm out either the front or rear right window. After the police signaled the vehicle with their lights King saw the right front window rolled down. He saw Robin Sterling extend both her arms out that window. Miss Sterling was wearing a long-sleeved dark coat with a short-sleeved sweater underneath.

Defendant also testified in her own behalf. She was wearing a brown suede coat at the time of her arrest and was seated in the center rear seat. She never extended her arm out the right rear or front window. She saw Robin Sterling's hands out the window and saw them drawn back into the

---

[2]The parties stipulated to the nature of the contraband.

[3]Leong was called both as a prosecution and as a defense witness.

car. At the conclusion of defendant's testimony, the court asked her if she had ever told the police that it was Miss Sterling who threw something from the car. Defendant said that she had not because they had not asked and they would not talk to her.

Miss Sterling testified in rebuttal after being advised of her Fifth Amendment rights. She was seated in the front passenger seat. She did not recall if the front window was open or closed. She did not roll the window down. At no time did she place either of her hands outside the window. She did not throw the pills which formed the basis for the instant charges, or anything else, from the vehicle.

■ On this appeal defendant contends: that she was denied effective assistance of counsel; that the court erred in its questioning of her; and that the evidence was insufficient to sustain the conviction. Defendant's first contention is based on the fact that at the preliminary hearing she and King were both represented by the same private counsel who was paid by King. Thereafter a conflict was declared. The public defender was appointed and represented defendant at trial. This court has previously ruled that multiple defendants are not automatically entitled to separate counsel at a preliminary hearing. (*In re Collins,* 271 Cal.App.2d 195, 204 [76 Cal.Rptr. 622].) Defendant argues, however, that the deprivation of counsel to which she was subjected at the preliminary hearing, was carried over to the trial because of the partial submission on the preliminary hearing transcript. This factor not only fails to establish defendant's proposition, but is fatal to it. Defendant does not contend that her trial counsel was incompetent, nor can we find any indication that he was. Therefore, we can only conclude that trial counsel decided to allow the submission of the preliminary hearing transcript for the court's consideration because defendant received adequate representation at that hearing. In view of the fact that neither defendant sought to attribute possession of the contraband to his or her codefendant, but rather to a third party, we believe that trial counsel's conclusion that defendant was adequately represented at the preliminary hearing was sound.

■ Defendant next asserts that the court erred in asking defendant if she had told the police that Miss Sterling threw the contraband from the car because there was no showing that defendant had been advised of her constitutional rights (*Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]), and because the question indicated that the court drew an impermissible inference of guilt from defendant's silence. No objection was raised to the question below and the issue cannot now be considered on appeal. (*People* v. *Castro,* 257 Cal.App.2d 643,

646 [65 Cal.Rptr. 62].) Undoubtedly trial counsel considered defendant's response to the question more helpful than harmful.

Finally defendant urges that the evidence is insufficient even to show that she possessed one of the items of contraband, let alone both. We cannot agree. Deputy Brown testified that both arms extended out the rear window, that one was clothed in suede, and that each disposed of one object. Lambrecht testified that he observed both the center and right rear passengers shift to their right just before the two arms extended from the window. One arm was clothed in a brown or tan jacket. Two objects flew from the extended hands. He did not see more than one object in either hand. Defendant admitted that she was wearing a brown suede coat and was seated in the center rear seat at the time the vehicle was stopped. This evidence was more than sufficient to place defendant in actual possession of one of the items of contraband.

We believe that the evidence is also sufficient to place her in constructive or joint possession of the second item of contraband. According to the officers' testimony there was simultaneous movement inside the vehicle by defendant and King and they acted simultaneously and in precisely the same manner in disposing of the contraband. This permits the inference that they acted in concert. This inference is reinforced by their testimony at trial when they both sought to place blame on the same third party whom the trial court impliedly found to be blameless. The trial court obviously disbelieved defendant's and King's testimony. Under certain circumstances false testimony may be considered as part of the prosecution's total case. (*People* v. *Amador,* 8 Cal.App.3d 788 [87 Cal.Rptr. 662]; *People* v. *Foster,* 115 Cal.App.2d 866, 868-869 [253 P.2d 50].) In the instant case the trial court could conclude that the apparent unified trial strategy of defendant and King was indicative of the fact that both defendants had aided and abetted each other in the possession of the contraband and were continuing to do so in the effort to avoid responsibility for its possession. The evidence was thus sufficient to sustain defendant's conviction on both counts although the People could not show which of the two items of contraband was actually thrown by her.

Although the reporter's transcript indicates that the trial court found "both defendants guilty as charged, both counts," the minute order states that defendant was found guilty only of count I. The judgment also states that defendant was found guilty of count I and that the remaining count was dismissed in the interests of justice. There is no explanation in the record for the discrepancy between the clerk's transcript and the reporter's transcript. The People made no effort in the trial court to correct the minute order or the judgment. They note the discrepancy in their appel-

late brief, but do not contend that the error is merely clerical in nature. Under the circumstances we would be most reluctant to order the judgment modified as that would be tantamount to penalizing defendant for taking an appeal. (*People* v. *Hood*, 1 Cal.3d 444, 459 [82 Cal.Rptr. 618, 462 P.2d 370].)

The judgment and order granting probation are affirmed.